Walko *v.* Walko.

FERDINAND WALKO *vs.* NANCY A. WALKO.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J, TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

In an action of replevin brought by the husband against his wife the latter filed a plea in abatement alleging that at the time of bringing the suit she was the lawful wife of the plaintiff. To this plea the plaintiff demurred, "Because upon the matters therein alleged the defendant is not entitled to the relief sought." *Held:*—

1. That the demurrer, being general, was properly overruled.
2. That the plea in abatement was sufficiently precise and certain as respects the date on which the relation alleged existed; and was as definite as the forms given in the Practice Act required.
3. That it was unnecessary for the defendant to allege in such plea that she had not been abandoned by her husband.
4. That the judgment of the trial court for a return of the property with costs was correct. The judgment relating to a return added nothing to the obligation imposed by General Statutes, § 1326, upon a plaintiff in replevin who fails to establish his right to possession. The judgment as to costs rests upon the well settled rule that courts which have no other jurisdiction of the person or cause do possess such jurisdiction and may exercise it in the matter of taxing costs in favor of a party properly pleading to the jurisdiction and obtaining judgment in his favor on such plea.
5. The replevin bond virtually takes the place of the goods replevied, and the plaintiff will not be permitted to say that the bond upon which he invoked and obtained the interference of the law in his behalf is wholly void, or embarrass a recovery against the surety thereon by defeating a judgment which measures the obligation assumed.

[Argued January 17th,—decided February 19th, 1894.]

ACTION of replevin brought before a justice of the peace in the town of Ridgefield, and thence by the plaintiff's appeal to the Court of Common Pleas in Fairfield County, *Curtis, J.*, where judgment was rendered for the defendant, and the plaintiff appealed to this court.   *No error.*

In the justice court the defendant filed a plea in abatement alleging that, " at the time of bringing this suit, the defendant was the lawful wife of the plaintiff." To this plea the plaintiff demurred as follows :—" The plaintiff demurs to the defendant's plea in abatement because upon the matters therein alleged the defendant is not entitled to the relief sought." The justice overruled the demurrer, held the plea in abatement sufficient, and the plaintiff appealed. In the Court of Common Pleas the demurrer was again overruled, and the plea in abatement sustained; whereupon the plaintiff filed an answer denying the truth of the allegation of the plea. The court having heard the parties found that issue for the defendant and rendered judgment in her favor for a recovery of the property replevied and her costs.

*Joseph A. Gray*, for the appellant (plaintiff).

*James E. Walsh*, for the appellee (defendant).

FENN, J. This is an action of replevin, originally made returnable before a justice of the peace. In the justice court the defendant appeared, and plead in abatement to the writ and complaint, that " at the time of bringing this suit the defendant was the lawful wife of the plaintiff." To this plea the plaintiff demurred, " because upon the matters therein alleged the defendant is not entitled to the relief sought." The court found the issue for the defendant and rendered judgment in her favor for costs. The plaintiff appealed to the Court of Common Pleas, when he was again heard upon demurrer, which that court also overruled. The plaintiff then answered over, denying the truth of the matters contained in the defendant's plea in abatement. Upon that issue the court found for the defendant, and judgment was rendered

in her favor for the return of the property replevied, and costs. The plaintiff appealed to this court.

The reasons of appeal, nine in number, present two questions : Did the court err in overruling the demurrer? Could it render a judgment in the defendant's favor for the return of the property, and costs ?

In reference to the first question, the plaintiff contends that the plea in abatement lacks the precision and certainty necessary in such pleas. Two reasons given for this claim ; one being that no date is alleged on which the declared relation of husband and wife existed between the parties ; that when it is claimed to have existed cannot be ascertained from the plea itself. It need only be said that the plea, in this respect, is as definite as forms given in the Practice Act Book, Nos. 339, 341, 342 ; and those again, as precise as the forms in Chitty or Saunders. It is rather late to require an accuracy beyond that of which the special pleaders of the past ever conceived. Courts of the present day, in the construction of pleas in abatement, do not " refuse to comprehend the ordinary import of language." *Draper* v. *Moriaty*, 45 Conn., 479.

The other reason given is that the plea did not allege that the defendant had not been abandoned by her husband. The plaintiff insists if she had been so abandoned, that by virtue of General Statutes, § 2794, during the continuance of such abandonment, she might sue and might be sued, as well by her husband, who had abandoned her, as by third parties. Concerning the correctness of this claim we express no opinion. The question is not properly before us, any more than the consideration, not referred to in any wise upon the trial, of the effect of General Statutes, §§ 2796, 2797, 2798 ; and any statement by us in regard to the matter would be merely *obiter.* But the plaintiff, asserting it, says : This being so, " a plea in abatement must anticipate and exclude what, according to the rules that govern other pleadings, it would be incumbent on the other party to reply." We think the plaintiff is wrong in this claim. *Cady* v. *Gay*, 31 Conn., 895. But, further, his demurrer, so called, raises no such question,

It is in no sense what it purports to be, a demurrer to relief. 58 Conn., 567, § 11. It is in direct contravention to General Statutes, § 873, which provides that " all demurrers shall distinctly specify the reasons why the pleading demurred to is insufficient." Even before the Practice Act, if what the plaintiff now complains of would have constituted a defect, a demurrer for such ground should have been special. The demurrer, therefore, was properly overruled.

We think the judgment for the return of the property, with costs, also correct. So far as the order for return is concerned, the judgment adds nothing to the obligation which the statute, General Statutes, § 1326, itself imposes in every case where the plaintiff in replevin for any reason fails to establish his right to possession. As to costs, courts which have no other jurisdiction of the person or cause, do possess such jurisdiction, and may exercise it in the matter of taxing costs in favor of a person properly pleading to the jurisdiction and obtaining judgment in his favor upon such plea. 1 Swift's Dig., 696. " The defendant should not suffer by being forced to come into a court having no jurisdiction of the controversy, and the plaintiff should be estopped to deny jurisdiction, so far as the question of costs is concerned." *Moran* v. *Masterston*, 11 B. Monroe (Ky.), 17 ; *Brown* v. *Allen*, 54 Me., 436 ; *Bradstreet Co.* v. *Higgins*, 114 U. S., 262 ; *Thomas* v. *White*, 12 Mass., 367.

This action is one of a statutory and extraordinary character. The plaintiff in replevin is furnished with a process which requires the officer to take any specified article of property from the defendant, notwithstanding he has it in possession and may be the rightful owner. To prevent the writ from working any wrong, the statute exacts, before its issue, the execution of a joint and several bond by the plaintiff and a sufficient surety, in favor of the defendant, conditioned, among other things, for the payment of any judgment for damages and costs that he may recover. This security virtually takes the place of the goods replevied, and as the plaintiff seeks what is in the nature of a judgment *in rem*, so the *res*, so far as the defendant is concerned, is after the

replevy, represented by the replevin bond. *Ormsbee* v. *Davis*, 16 Conn., 568, 576. This suit has necessarily involved the defendant in costs, which the surety on bond has severally covenanted to pay. The proper and orderly mode of ascertaining the sum for which he is liable is by final judgment in the cause. It does not lie in the mouth of the plaintiff to say that the bond, upon which he invoked and obtained the interference of the law in his behalf, is wholly void, or to embarrass a recovery against his surety, by defeating a judgment which measures the obligation assumed.

There is no error in the judgment complained of.

In this opinion the other judges concurred.