White et al. *v.* Howd.

JAMES T. WHITE ET AL. *vs.* SALMON G. HOWD.

First Judicial District, Hartford, May Term, 1895. ANDREWS, C. J.,
    TORRANCE, BALDWIN, HAMERSLEY AND HALL, Js.

Rulings of the court on the admission and rejection of evidence may be re-
    viewed upon appeal, but cannot be considered in passing upon a mo-
    tion for a new trial under the provisions of chapter 51 of the Public
    Acts of 1893.
A finding by the court is necessary for the proper presentation of the ques-
    tions of law arising on the admission and rejection of evidence, and an
    appeal without such finding, if operative at all, would only present for
    review questions of law arising upon the pleadings.
An appeal is void when it appears that the court below has rendered no
    judgment.
The different modes by which cases may be brought to the Supreme Court
    of Errors stated and considered, and the filing of motions for new
    trials under chapter 51 of the Public Acts of 1893, without sufficient
    reason, commented upon and disapproved.

[Submitted on briefs May 7th—decided May 28th, 1895.]

ACTION to recover the contract price for merchandise sold
and delivered to the defendant; brought originally before a
justice of the peace, and thence by defendant's appeal to the
Court of Common Pleas for Litchfield County and tried to
the jury before *Warner, J.;* verdict and judgment for the
defendant, and appeal by the plaintiffs for alleged errors in
the rulings of the court; the plaintiffs also filed a motion for
a new trial upon the ground that the verdict was against the
evidence in the cause. *Motion for new trial denied; appeal
dismissed.*

*Charles D. Burrill* and *John T. Hubbard,* for the appel-
lants (plaintiffs).

*Samuel A. Herman,* for the appellee (defendant).

HAMERSLEY, J.   Action on contract of sale to recover
$20.00 damages.   The case was tried to a jury and the issue
found for the defendant.   The plaintiffs filed a written mo-

tion for a new trial on the ground of a verdict against evidence, and under the provisions of chapter LI. of the Public Acts of 1893, the trial court has reported the evidence to this court for its action on the motion. This report contains certain "rulings" of the trial court on the admission and rejection of evidence. Such rulings do not belong to the record. The statute authorizes only a report of the evidence submitted to the jury, and the only question before this court is whether "the verdict was against such evidence." Errors in the rulings of the court, whether in the admission and rejection of evidence, or in the charge to the jury, may be reviewed on appeal, but cannot be considered in passing upon this motion.

It is clear that the evidence reported was sufficient to sustain the verdict.

The record before us also contains what purports to be an appeal, assigning as reasons of appeal specified errors of the court in the admission and rejection of evidence. There is no valid appeal. A finding by the court is necessary to the proper presentation of the questions of law arising on the admission and rejection of evidence; and the statute requires such finding to be made by the court, upon the request of the party intending to appeal, before an appeal for the revision of such questions of law is taken. The rules of court require such request to be in writing, to contain a draft of the proposed finding, and a statement of the questions of law arising thereon which it is desired to have reviewed; this request must be filed with the clerk in duplicate, one copy for the judge, and one copy for the counsel on the opposite side, who are entitled to file a counter finding. Neither the statute nor the rules have been complied with. No finding was made by the trial judge; and from the statements made in the briefs on both sides, it appears that no request for a finding was made by the plaintiffs' counsel. If the appeal under such circumstances could be operative for any purpose, it would be only to review questions of law arising upon the pleadings; but the plaintiffs claim no error as to any such question, either in their briefs or reasons of appeal. Aside

from these defects, however, the appeal is void, because it appears that the court below has rendered no judgment.

It is plain, on reading the record, that there is a serious question as to the admissibility of some of the evidence admitted by the court. The plaintiffs have been deprived of their right to an appeal on this question, by the failure of their counsel and of the trial judge, to understand or to obey the provisions of the law. Such failure to observe the rules necessary for bringing a case before this court, and which in a less degree has characterized some other cases, seems to call for a statement which, except for such instances, would be deemed wholly unnecessary.

Besides the writ of error, the mode by which relief can be sought in this court, includes the appeal, the reservation, and the motion for new trial for verdict against evidence. Each of these proceedings constitutes a distinct process for bringing before this court the questions to be adjudicated.

" Appeal " is the name given a proceeding for the revision of questions of law arising in a trial, which, prior to 1882, were brought here by motion in error or motion for new trial. The name in no way alters the nature of the proceeding. The Act of 1882 substituted such appeal in place of the former methods, authorizing the combining of both in one process. The appeal simply performs the office of the old motion for new trial and motion in error. It is entirely different from the process called appeal, which transfers a case tried in one court to another court for re-trial. *Morse* v. *Rankin*, 51 Conn., 326; *Schlesinger* v. *Chapman*, 52 id., 271; *Styles* v. *Tyler*, 64 id., 457. The process of writ of error has remained unchanged. If the questions to be revised on appeal are such as were formerly revised on motion in error, no finding by the court is ordinarily necessary; but the questions of law sought to be revised must clearly appear from the record, and be specifically stated in the reasons of appeal. If the questions to be revised are such as were formerly revised on motion for new trial, a finding by the court is essential. In order to properly perfect an appeal, the provisions of the General Statutes, § 1129 *et seq.*, and of the

General Rules of Practice, Art. XVII., must be strictly complied with.

The reservation is a process by which any question of law may, at any time before judgment and with the consent of all parties to the record, be reserved by the trial court for the advice of this court; in such case the judgment of this court is in the form of advice, to which the trial court is bound to conform its action.

The motion for new trial for verdict against evidence is a peculiar process authorized by chapter LI. of the Public Acts of 1893, by which the single question of the sufficiency of the evidence to support the finding of the jury on the issues joined, is brought to this court for decision. The process may consist of a copy of the pleadings, showing the issues joined, the verdict and judgment, the motion for a new trial on the ground that the verdict is against the evidence, and the report of the evidence to this court by the trial judge. This process is authorized at the will of the defeated party, and the whole expense of preparing and printing the record for this court is thrown upon the State. The cases are frequent where the defeated party is dissatisfied with the verdict, but are rare when the court can say, as a question of law, that the verdict is against the evidence. Since this statute was passed, motions under it have been brought here possessing no merit, and which no attorney would advise his client to bring if the costs of preparing the record were taxable against the unsuccessful party; in such case the motion should never be filed.

This process is distinct from the appeal; and while in a proper case both the appeal and the motion may be allowable, and for convenience be printed in one record and argued together, yet they should be printed separately, and the record must show as to each the steps necessary to perfect the process; but matter printed in full under one process may be referred to in the other without repetition.

The motion for new trial is denied.

The appeal is dismissed.

In this opinion the other judges concurred.