MICHAEL SHEA, ADMINISTRATOR, vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, April Term, 1895. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under § 715 of the General Statutes, which provides that appeals from the District Court of Waterbury to the Superior Court may be taken to the next term to be held at Waterbury, and that "the next term shall be construed to mean the next return day to said court," an appeal must be taken to the return day next after the day on which the judgment appealed from was rendered.

This special provision as to appeals from the District Court of Waterbury constitutes an exception to the general rule stated in § 794, by which process returnable to the Superior Court may be made returnable to the next return day, or the next but one.

A judgment was rendered by the District Court of Waterbury on April 24th. The first Tuesday of May fell on May 1st. On May 3d an appeal was taken to the Superior Court on the first Tuesday of June. *Held* that the appeal was properly dismissed by the Superior Court on plea in abatement.

[Submitted on briefs April 16th—decided June 7th, 1895.]

ACTION for damages for causing the death of the plaintiff's intestate, brought to the District Court of Waterbury and tried to the court, *Bradstreet, J.,* upon a hearing in damages after a default; the court rendered judgment for the plaintiff to recover one dollar damages, and the plaintiff appealed to the Superior Court in New Haven County; in the latter court the defendant pleaded in abatement, because the appeal was taken too late; the court, *George W. Wheeler, J.,* overruled the plaintiff's demurrer, sustained the defendant's plea in abatement, and the plaintiff thereupon appealed to this court. *No error.*

The case is sufficiently stated in the opinion.

*John O'Neill,* for the appellant (plaintiff).

*John P. Kellogg,* for the appellee (defendant).

HALL, J.   From a judgment of the District Court of
Waterbury rendered on the 24th of April, 1894, the plain-
tiff, on the 3d of the following May, appealed to the Supe-
rior Court next to be holden at Waterbury.   In the Superior
Court the defendant pleaded in abatement of the appeal,
upon the ground that it was taken to the first Tuesday of
June, when it should have been taken to the first Tuesday of
May.   From the judgment of the Superior Court sustaining
the plea in abatement, the plaintiff appeals to this court.

The plaintiff's contention that his appeal from the District
to the Superior Court, was properly taken to the first Tues-
day of June, is based upon two grounds: *First*, that the
words "next return day " in § 715 of the General Statutes,
mean the next return day after the allowance of an appeal,
which, it is claimed, may be allowed by the court at any time
during the term in which the judgment is rendered.   *Sec-
ond*, that by § 794 of the General Statutes an appeal may be
taken from the District Court of Waterbury, to either the
next or the next return day but one, of the Superior Court
at Waterbury, after the judgment.

The defendant claims that § 794 does not apply to appeals
from the District Court of Waterbury, and that the only
right of appeal from that court to the Superior Court is
granted by § 715, and is limited to a right to appeal to the
next return day of the Superior Court, after the judgment
from which the appeal was taken ; which in the present case
was May 1st.

By § 715 it is provided that from all final judgments or
decrees of the District Court of Waterbury, either party ag-
grieved may appeal " to the next term of the Superior Court
to be held at Waterbury."   At the close of the section is the
following provision: " And *provided also*, that the next term
of the Superior Court to be held at Waterbury, within and
for the county of New Haven, shall be construed to mean
the next return day to said court."

We think it clear that by " the next return day to said
court," was meant the next return day to the Superior Court
at Waterbury, after the day upon which the judgment ap-

pealed from was rendered; and that by the provisions of this section the plaintiff had no right of appeal, and the court no power to allow an appeal, to any other day. Under § 715 the right to appeal existed immediately upon the rendering of the final judgment. This section provides but one day to which an appeal may be taken. That day is the next return day after the right to appeal exists. The next return day to which the plaintiff could have appealed, in this case, was the first Tuesday of May, which was May 1st.

To sustain the plaintiff's claim that the court may allow an appeal at any time during the term in which the judgment is rendered, would be, under the present arrangement of the terms of the District Court, to permit an appeal to be taken to the Superior Court after the expiration of nearly six months from the date of the final judgment. The power of the District Court to allow an appeal, is defined by the law which gives to parties the right of appeal. It does not result from the control which the court may have over its judgments during the term in which they are rendered.

Was the plaintiff entitled to appeal to the first Tuesday of June, under the provisions of § 794? The language of that section is as follows: "Process in civil actions, brought to the Superior Court, which shall include all appeals, transfers, applications for relief and removals, shall not be made returnable to any term or session of said court, but shall be made returnable upon the first Tuesday of any month, except July and August; provided that service be completed at least twelve days inclusive before such return day; and all process shall be made returnable to the next return day, or the next but one, to which it can be made so returnable." It is further provided that this section shall not affect the time for taking appeals from probate, or from the doings of commissioners.

By an Act passed in 1876, (Public Acts of 1876, p. 100,) amended in 1877, (Public Acts of 1877, p. 202,) all civil process returnable to the Superior Court in Hartford, New Haven, and Fairfield counties, was made returnable, in addition to the first days of the respective terms, to the first Tues-

day of any month except July and August; with a proviso that the return day should not be more than fifteen weeks from the date of the process, and that service be completed at least twelve days before the return day. A Special Act passed in 1879, (Special Acts 1879, p. 155,) which granted the right of appeal to the next term of the Superior Court held at Waterbury, from the City Court of Waterbury, (which in 1881 became the District Court of Waterbury, with the same jurisdiction and right of appeal, Public Acts of 1881, p. 68,) contained this provision: " and the next term, as mentioned in this Act, shall be construed to mean the next return day to said Superior Court." In 1886 an Act was passed making civil process, including all appeals, returnable on the first Tuesday of any month, except July and August; and all process returnable to the next return day or the next but one, to which it could be so made returnable. Public Acts, 1886, p. 629. This Act contained substantially the same provisions as § 794 of the General Statutes—together with a clause repealing all Acts or parts of Acts inconsistent therewith.

We do not think that the provision of the Act of 1879 limiting the right of appeal from the District Court of Waterbury to the next return day of the Superior Court, was repealed or affected by this Act of 1886. While there was a reason for extending the time for the return of process in some civil actions, beyond the first return day, and especially of those which were required to be served at least twelve days before the return day, there was no reason why appeals like that under consideration, and which require only the furnishing of a bond for their completion, should not be made returnable upon the next return day after the judgment. Again, the Act of 1879 was a special Act, a part of the city charter, which would not be repealed by a general Act, unless the language of the latter made it clear that such was the intention of the legislature. *Coe* v. *Meriden*, 45 Conn., 156; *N. Y., N. H. & H. R. R. Co.* v. *Bridgeport Traction Co.*, 65 id., 410.

That it was not the intention of the legislature of 1887— which, in adopting the Revision of 1888, enacted § 794—to

extend the time for taking appeals from the District Court of Waterbury to the Superior Court, is clearly shown by the fact that the same legislature, in § 715, reënacted the law of 1879 concerning the return day of appeals from the District Court of Waterbury, and included it among the general laws of the State. Unless it was intended that the two sections should stand together, § 715 forming an exception to § 794 as to the return day of appeals, there is no apparent reason why the same legislature should have enacted both sections.

A similar exception to the operation of § 794 is found in § 683 making appeals to the Superior Court, from justice courts, in certain counties, returnable to the first Tuesday of the month next succeeding the allowance of the appeal.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.