CHARLES T. FARNHAM *vs.* CHARLES W. LEWIS.

First Judicial District, Hartford, March Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

An appeal to this court which is not taken to the term held next after the filing of the appeal, as required by General Statutes, § 788, and chapter 112 of the Public Acts of 1905, is subject to dismissal on a plea in abatement.

The fact that the "next term" begins on the day following the filing of the appeal does not authorize or justify an appeal to a later term.

This court will take judicial notice of the coincidence of the days of the week with those of the month.

Assistant clerks of the Superior Court have the same powers and duties as the clerks of that court.

No good reason exists for allowing a proposed amendment of an appeal by substituting for the term to which it was, and was intended to be, taken, an earlier term which has long since expired.

Argued March 1st—decided March 15th, 1910.

PLEA IN ABATEMENT, by the plaintiff and appellee, to the defendant's appeal to this court; and motion by the appellant for leave to amend his appeal. *Motion denied, plea in abatement sustained, and appeal dismissed.*

*Howard F. Landon,* in support of the plea in abatement.

*Wellington B. Smith* and *Frank B. Munn,* in opposition to the plea in abatement.

RORABACK, J. The plaintiff and appellee pleads in abatement upon the ground that the appeal was taken to the March term of this court instead of to the January term, 1910.

General Statutes, § 788, as amended by the Public Acts of 1905, chapter 112 (p. 324), provides that parties aggrieved may appeal to the Supreme Court of Errors "next to be held after the filing of the appeal." Section 480 provides that terms of the Supreme Court of Errors shall be held annually "in the first judicial district, composed of Hartford, Tolland, Windham, Litchfield, and Middlesex counties, at Hartford, on the first Tuesdays of January, March, May, and October."

The appeal was filed January 3d, 1910, and made returnable to the first Tuesday of March, 1910. By taking judicial notice of the coincidence of the days of the week with the days of the month, it appears that the first Tuesday of January, 1910, was the fourth day of that month. It needs no argument to show that the term of the Supreme Court of Errors commencing on the first Tuesday of March, 1910, was not the next Supreme Court after the filing of the appeal upon Monday, January 3d. It does not matter that the appeal was filed upon the 3d day of January, and that the next term of the Supreme Court was upon the following day. There is no difference in principle between an appeal filed one day before the next Supreme Court and one filed a much longer time before the return day. The language of the statute leaves no room for choice, such as is given (§ 566) in the return of a writ

to the Superior Court. The statute plainly directs that the appeal shall be taken to the next Supreme Court of Errors, and it cannot be taken to a later one. *Pitkin* v. *New York & N. E. R. Co.*, 67 Conn. 19, 34 Atl. 704.

The substance of the defendant's answer to the plea in abatement is that the assistant clerk of the Superior Court in Litchfield county allowed the appeal in question upon the 3d day of January, 1910, and that the appeal was not filed with the clerk of the Superior Court until the following day. The record fails to show that the clerk of the Superior Court had anything whatever to do with this matter. By the provisions of § 469 of the General Statutes, assistant clerks of courts have the same powers and duties as clerks. The record does show that the appeal was filed January 3d, 1910, and that it was allowed and signed by the assistant clerk. For these reasons it follows that the demurrer, based upon the insufficiency of the defendant's answer, should be sustained.

The defendant cannot now amend his appeal by inserting the word "January" in the place of the word "March," so that it will appear that the appeal was made returnable to the first Tuesday of January. The appellant intended to, and did, make his appeal returnable to the first Tuesday of March. The appellee, by the appeal, was notified and admonished to appear at the last mentioned date. If this amendment were allowed, the notice to appear would relate back to the first Tuesday of January, at a time when the appeal was never returned or intended to be taken, and to a court which sat a month before the motion to amend was made. It is unnecessary to enlarge upon this feature of the case, as it is controlled by the opinion in the recent action of *Hull* v. *Thoms*, 82 Conn. 386, 391, 73 Atl. 793.

The plea in abatement is sustained and the appeal is dismissed.

In this opinion the other judges concurred.