THE STATE OF CONNECTICUT *vs.* HARRY CAPLAN.

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, WHEELER AND BURPEE, JS.

The form and requirements of an appeal to this court are fixed by statute, the provisions of which must be strictly complied with.

The defendant in a criminal prosecution, having been adjudged guilty by the Superior Court in New Haven County on November 11th, 1911, filed his appeal on January 13th, 1912, to this court at its April term to be held at Bridgeport. General Statutes, § 788, provides that appeals to this court shall be taken to the court next to be held after the filing of the appeal. The next term after January 13th, 1912, was the term held at New Haven on the third Tuesday of January. *Held* that the appeal was taken to the wrong term, and must be dismissed on plea in abatement.

The writ of error is the common-law method of taking a cause from a lower to a higher court for revision of questions of law. The writ lies only when there is error of law apparent on the record. Under

The State *v.* Caplan.

the common-law practice, if it was desired to have rulings on the admission of evidence, or alleged errors in the charge to the jury reviewed, it was necessary to bring the rulings or the charge into the record by a bill of exceptions. But the use of bills of exceptions for this purpose, except in actions of summary process, was abolished in this State in 1806. From 1806 to 1882, questions of law arising from the rulings on evidence or from the charge to the jury were raised by motion for a new trial, and since 1882 by statutory appeal.

Where, therefore, the only error alleged is in the charge to the jury, there is no remedy by writ of error; and consequently that portion of § 788 of the General Statutes which provides that in any cause in which a party may be entitled to a writ of error to this court he may appeal to the next term which would have cognizance of a writ of error, has no application.

After the judgment the defendant filed his notice of appeal, and the judge, after the expiration of the trial term, made a finding of facts as required by the statute relating to appeals. In its finding was inserted the charge to the jury, and the reasons of appeal contained assignments of error in the charge. *Held* that the finding, made after the judgment and for the purpose of the statutory appeal, although a part of the record of this court on the appeal, was no part of the record of the trial court, and a writ of error could not be based upon it.

Whether such finding of facts could be made a part of the record of the trial court by express order of the trial judge, granted during the same term of court, so that the defendant could procure a writ of error based thereon instead of pursuing his appeal, *quære.*

Even if the defendant had been entitled to a writ of error in this case, such writ must have been brought to the next term of this court which would have had cognizance of it; and that was the January term at New Haven, since there was time between the date of the judgment and the opening of that term for service of the writ of error. The time allowed for the various preliminary steps in perfecting the statutory appeal would have no application in determining the term to which the writ of error must be taken.

The plea in abatement in this court alleged that the appeal was taken to the April term of this court at Bridgeport, "and was not taken, as it should have been," to the court "next to be held after the filing of the appeal, to wit," the term "at New Haven, on the third Tuesday of January, 1912." *Held* that this was sufficient, since it stated the particular cause of abatement, and how the appeal should have been taken. It is not necessary to anticipate and deny every argumentative claim that the appellant may make as a ground for sustaining his appeal.

Argued April 16th—decided July 26th, 1912.

PLEA IN ABATEMENT, by the State, to an appeal taken by the accused from a judgment rendered in the Superior Court in New Haven County (*Ralph Wheeler, J.*), alleging that the appeal was not taken to the Supreme Court of Errors next to be held after the filing of the appeal, to which plea the accused demurred. *Demurrer overruled; plea in abatement sustained; and appeal dismissed.*

*Arnon A. Alling,* State's Attorney, in support of the plea in abatement.

*Robert C. Stoddard,* in opposition to the plea in abatement.

BURPEE, J. In the Superior Court held in New Haven County on November 11th, 1911, the defendant, after full hearing, was found by the jury guilty of the crime of stealing cattle, and thereupon judgment was rendered that he be confined in the common jail of the county for the term of one year. From this judgment the defendant, on January 13th, 1912, filed an appeal "to the Supreme Court of Errors, next to be held at Bridgeport, in and for the Third Judicial District, on the second Tuesday of April, 1912, for the revision of errors which he claims to have occurred in the trial." This appeal having been entered in the court described, the State pleaded in abatement because the appeal was taken to that court, "and was not taken, as it should have been," to the court "next to be held after the filing of the appeal, to wit: at New Haven, on the third Tuesday of January, A. D. 1912."

General Statutes, § 480, provides that a term of this court shall be held annually on the third Tuesday of January in New Haven. Taking judicial notice of the coincidence of the days of the week with those of the

month, it appears that the third Tuesday of January, 1912, was the sixteenth day of that month. The record shows that the defendant's appeal was filed on the thirteenth day of that month. General Statutes, § 788, permits a party aggrieved to appeal and remove questions of law for revision "to the Supreme Court of Errors next to be held after the filing of the appeal, in the judicial district where the judgment was rendered." An appeal to this court is a process of which the form and requirements are fixed by statute, the provisions of which must be strictly complied with. *In re Application of Shelton St. Ry. Co.*, 70 Conn. 329, 331, 39 Atl. 446. This appeal, therefore, could be taken only to the court to be held on the third Tuesday of January. An appeal filed when this one was, could not be taken to the later term, in April. In this respect, this plea in abatement is controlled by the decision in *Farnham v. Lewis*, 83 Conn. 134, 75 Atl. 625, and accordingly should be sustained.

But the defendant, by a demurrer to this plea, seeks to escape from that decision, which relates to one part of § 788, and to shelter himself from its effects behind another part of that section, which he points out, and which reads as follows: " And when a final judgment is rendered in any cause in which a party may be entitled to a writ of error to the Supreme Court of Errors, he may appeal from such judgment to the next term of said court which would have cognizance of a writ of error in the cause."

The demurrer states that "it appears from the record and files in said cause that the judgment rendered was rendered in a cause in which" he " was entitled to a writ of error " to this court, and that "it does not appear . . . but that this appeal was taken to the next term" of this court "which would have cognizance " of such writ of error; that a party entitled to a writ of

error in this cause has the choice of two terms of this court, to either of which he may appeal from the judgment rendered, the one being the next term "after the filing of the appeal," and the other the next term "which would have cognizance of a writ of error in said cause"; and that, while the plea in abatement alleges that the defendant did not comply with the law by taking this appeal to the former term, it does not allege that he did not comply with the law in taking this appeal to the other term. Therefore he claims it is defective.

In the first place, then, it is necessary to determine whether it does appear that in this cause the defendant is entitled to a writ of error to this court.

The writ of error is the common-law method, and formerly the only method in this State, of carrying up a cause from an inferior to a higher court for the revision of questions of law. The writ will lie where there is error in law apparent on the record. Under the old practice, if it was desired to have any other error revised, such as error in admitting or rejecting evidence, or in the charge by the court to the jury, it was necessary to bring it into the record by means of a bill of exceptions. This common-law practice was recognized and required by an Act of the General Assembly of the colony of Connecticut in October, 1719. 6 Colonial Records, p. [191]. But this method was never entirely satisfactory, and sometimes, by reason of misstatements or omissions in the bill of exceptions, which there was no means of correcting, the questions it was intended to raise could not always be presented to the higher tribunal. Hence, after a new organization of the Supreme Court of Errors and of the Superior Court of the State was established, in 1806, the judges, under a statute authorizing them to ordain rules of practice, adopted one that "bills of exceptions shall not hereafter

be admitted, but motions for new trials shall be admitted, in all cases, in their room"; and these motions might, in the discretion of the trial court, be reserved for the opinion of all the judges. From that time, at first by reason of this rule and afterward under a statute enacted in 1830 (Public Acts of 1830, Chap. 3), any error in the rulings or charge of the Superior Court must be presented for review in the Supreme Court in a motion for a new trial. By the Act of 1830, the discretion of the lower court to reserve such motions was taken away, and it was made imperative to reserve them. Manifestly, without a bill of exceptions to place them upon the record of the trial court, it was not possible for a writ of error to carry questions of law relating to error in the charge, or rulings of the Superior Court, to the Supreme Court to be reviewed. 1 Swift's Digest, side pages 771, 781, 782, 789; Rules of Practice, 3 Day, 27, 28, 18 Conn. 564; *Zaleski* v. *Clark*, 45 Conn. 397, 402.

In 1823 (Public Acts of 1823, Chap. 1) the General Assembly provided a substitute for the writ of error, called a "motion in error." It was a less expensive and speedier proceeding for transmitting from the Superior Court, after final judgment, to the Supreme Court the record in any cause in which a party might be entitled to a writ of error to the higher court. But, like a writ of error, it was not a proper method of bringing up errors in law not apparent on the record. "A writ of error or motion in error will bring up properly a revision of the declaration, pleadings and judgment, but not an error in receiving or rejecting evidence, or in the charge of the court. We notice it, that a salutary rule of law may be preserved and followed." *Tolland* v. *Willington*, 26 Conn. 578, 581.

Almost sixty years later, by another Act of the General Assembly, it was provided that all questions

of law thereafter arising on the trial of any action in any inferior court, that might then be carried to a higher court by a motion for a new trial or a motion in error, should thereafter "be removed to such higher court by an appeal," and no such motion should thereafter be allowed. Public Acts of 1882, p. 144, Chap. 50, § 1. In the next revision of the Rules of Practice of the Supreme Court of Errors and Superior Court, made in 1890, it was prescribed that no bill of exceptions would be allowed in the Superior Court, "except in cases where an adequate remedy is not afforded by an appeal." 58 Conn. 578. In the rules adopted in 1899, this rule was retained, with a further exception relating to the bills of exceptions that may be filed by an adverse party "after the allowance of an appeal," under chapter 194 of the Public Acts of 1897, p. 892, § 16. General Rules of Court (1899) p. 29, § 74. The present rule is the same, with another exception which relates only to writs of error in actions of summary process. Practice Book (1908) p. 225, § 74.

This review of the law and rules of practice in this State shows that a writ of error, without a bill of exceptions, was never a proper means to bring before this court questions of law relating to the rulings or charge to the jury in the Superior Court; that since 1807 bills of exceptions have not been allowed on writs of error, except in summary process; that after that year a motion for a new trial was the only proper means to bring up such questions of law; and that since 1882 an appeal has been substituted for the motion for a new trial.

Since, in the case now before this court, the only questions of law the defendant seeks to bring up and have reviewed relate to specified parts of the charge to the jury, it is manifest, for the reasons already stated, that from the judgment in this cause the defendant was not entitled to a writ of error to this court.

In the record before us, which was prepared after the judgment in the court below and brought here only for the purpose of this appeal, appears the charge by the court and the alleged errors therein which are assigned for reasons of appeal. But this record and its contents cannot be used in place of a bill of exceptions. There is a difference between this record and the record in the court below. The latter consists of the complaint, or information, and the judgment only. It does not embrace the "finding" subsequently filed by the trial judge. Looking only at the proper record of that court, which is the only record that can be the basis of a writ of error, no error has been pointed out, and none appears. The charge to the jury, as to which alone errors are assigned in this court for the first time, was attached by the trial judge to the record of the trial court to make another record for use in this court, solely for the purpose of this appeal, in accordance with our present practice. It was not thereby made a part of the record of the lower court, and could not be inserted by any other process for the purpose of a writ of error. *Morse* v. *Rankin*, 51 Conn. 326; *White* v. *Howd*, 66 Conn. 264, 266, 33 Atl. 915. The appellant's privileges are nowise restricted by this procedure. "Under our present law an appeal performs the office of a writ of error, there being no matter of error that could be assigned upon a writ of error that cannot be assigned and considered on an appeal." *Brewster* v. *Cowen*, 55 Conn. 152, 155, 10 Atl. 509. Indeed, the remedy by writ of error is not coextensive with that by process of appeal, nor is it intended as "a process for invoking the jurisdiction of this court in cases where the more adequate and equitable process of appeal can be used." *Cary* v. *Phœnix Ins. Co.*, 83 Conn. 690, 696, 697, 78 Atl. 426.

The "finding" of the trial judge, made under the

provisions of § 792 of the General Statutes, and filed after the term had expired in which the judgment was rendered, was necessary as a basis of this appeal, and was made a part of it for its purposes only. "It was no part of the purpose of this statute to enable the parties to an action to have spread upon the records of the trial court, as a part of the judgment, the facts conclusively determined in the action between them; and a special finding, merely for the purpose of an appeal, does not have that effect." *Corbett* v. *Matz*, 72 Conn. 610, 612, 45 Atl. 494. Whether such a finding may or may not be made the basis of a writ of error, when the appeal is not pursued, is immaterial in this case, because the appeal has been pursued. Moreover, the trial judge did not make this special finding, or any part of it, a part of the judgment or record of the trial court, even if he had the power to do so after the expiration of the term. *Corbett* v. *Matz*, 72 Conn. 610, 613, 45 Atl. 494. There was, therefore, no error of law apparent on which to support a writ of error.

In the second place, if this defendant in this cause were entitled, as he claims, to a writ of error to this court, then § 788 of the General Statutes would give him the right to "appeal from such judgment to the next term of said court which would have cognizance of a writ of error in the cause." This is the clause of the statute to which the defendant refers, and on which he rests his claims. It therefore becomes necessary to determine what is the meaning of the words we have quoted, and whether a party entitled to a writ of error in this case, if there were such party, could take this appeal to the April term of this court.

The writ of error is an independent action, brought by writ, accompanied by a complaint setting forth the record and the error therein. The writ must be served and returned as civil process, in the manner prescribed

by General Statutes, § 822. It is by due service of the process that the court has cognizance of an action. In this case, being a civil process returnable to the Supreme Court of Errors, it must be served at least thirty days inclusive before the day of the sitting of the court. General Statutes, § 563. This court, then, "would have cognizance" of any writ of error that had been thus duly served before the day of the sitting of any term prescribed by statute. But under § 788, the appeal may be taken only "to the next term of said court which would have cognizance," etc. The word "next" means "nearest in order," "immediately following." Standard Dictionary; Oxford Dictionary. Hence it is plain that the statute means that the appeal may be taken to the term of the court, immediately following the judgment, which would have cognizance of the writ by reason of statutory service of the process. Now, the judgment in this cause was rendered November 11th, 1911. The "day of sitting" of the next, or immediately following, term of this court after November 11th, 1911, was the third Tuesday of January, 1912. General Statutes, § 480. That day, as we have seen, was January 16th, 1912. Between November 11th, 1911, and January 16th, 1912, are sixty-five days, which is more than twice the number of days required for the service of the process of a writ of error from the judgment in this case to the January term of this court. That term was, therefore, "the next term" of this court "which would have cognizance of a writ of error in the cause." And it was the only term under the statute which would have cognizance of such writ. *Farnham* v. *Lewis*, 83 Conn. 134, 136, 75 Atl. 625. If the defendant could select the later term, in April, he could select any term within three years from the date of the judgment, and take to it, not a writ of error, but an appeal. It is clear that such cannot be

the meaning of the language of this statute. *Shea* v. *New York, N. H. & H. R. Co.,* 66 Conn. 268, 33 Atl. 918.

In his argument on his demurrer, the defendant urges that the plea in abatement is technically defective because it does not allege specifically that the defendant was not entitled to a writ of error and did not appeal to the next term of this court which would have cognizance of such a writ in this cause. This objection is not well founded. The plea states distinctly that the appeal was taken to the April term, "and not, as it should have been," to the January term. It sets up sufficiently the particular cause of abatement, and how the appeal might or should have been taken. General Statutes, § 607. It was not necessary to anticipate and deny the claim the defendant now makes under the second clause of § 788. *Cady* v. *Gay,* 31 Conn. 395; *Walko* v. *Walko,* 64 Conn. 74, 76, 29 Atl. 243.

It is immaterial to the subject in hand whether the defendant was entitled to a writ of error in this cause or not. In either case, his appeal should have been taken to the next, or January, term of this court, and the plea alleges certainly, positively, and directly that that was the term of court to which this appeal should have been taken, but was not.

The demurrer to the plea in abatement is overruled, the plea sustained, and the appeal dismissed.

In this opinion the other judges concurred.