MICHAEL GAUDIO ET AL. *vs.* MAX OLDERMAN.

Third Judicial District, New Haven, June Term, 1928.

WHEELER, C. J., MALTBIE, HINMAN, BANKS and DICKENSON, JS.

144

Argued June 5th—decided July 16th, 1928.

*John J. O'Connell,* for the defendant.

*Carlos H. Storrs* and *Alfonse C. Fasano,* for the plaintiffs.

PER CURIAM. Since 1807, bills of exception have not been allowed in connection with writs of error, except in summary process, and a motion for a new trial has been the only proper means to bring up questions of law relating to the rulings of the court or the charge to the jury, and since 1882 an appeal has been substituted for a motion for a new trial. *State* v. *Caplan,* 85 Conn. 618, 624, 84 Atl. 280. The error of the trial court is alleged in the writ of error to have been in rendering judgment for the defendant through having failed to measure a distance from a fixed and visible monument.

The alleged error does not appear on the face of the record; the plaintiff attempts to remedy the defect by his bill of exceptions. This has not been allowed by the trial court, and no attempt has been made to require its allowance. Moreover, the defect is of the same character as those referred to in *State* v. *Caplan,* *supra,* hence the only remedy open to the plaintiff was by appeal. The motion to erase has been pending

since April 6th, 1927. The bill of exceptions was not filed until June 3d, 1927. The plaintiff is without remedy; his time for appeal has long since passed. But had a remedy been open to him by way of a bill of exceptions, he would have forfeited his right to this remedy through his delay in securing its allowance.

The motion to erase the appeal is granted.