## Michael Takasch *v.* Anna Frederico

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued October 4—decided November 15, 1949.

*John B. Dillon,* for the appellant (plaintiff in error).

*Sydney P. Simons,* with whom, on the brief, was *Henry Greenstein,* for the appellee (defendant in error).

Maltbie, C. J. This is an appeal from a judgment for the defendant upon a writ of error in a summary process proceeding tried before a justice of the peace. The claims of error stated in the writ include a group in which complaint is made that during the examination of some of the witnesses the justice permitted counsel for the defendant to make adverse comments as regards the plaintiff's attorney and that the justice

himself made such comments; certain rulings upon evidence; a ruling giving the defendant's counsel the right to challenge two jurors; and a refusal to submit an interrogatory to the jury. The first group of claimed errors could be reviewed by the trial court only if the comments and rulings were properly presented to it; the allowance of two challenges to the jury could be presented only if the fact of such a ruling was properly before the court; and a review of the refusal of the request to submit an interrogatory would require not only a finding that it was made but also sufficient facts upon which to determine the correctness of the ruling. The only way in which these claims of error could properly be brought before the trial court was by a bill of exceptions allowed and signed by the justice. *Putterman* v. *Miller,* 133 Conn. 70, 72, 48 A. 2d 235; *Gaudio* v. *Olderman,* 108 Conn. 143, 144, 142 A. 677; 1 Swift's Digest 771; 2 id. 643. Only in that way could an authoritative statement of the rulings and the facts necessary for their review be put into the record. The record before us contains no bill of exceptions. There appears a brief statement of certain facts the parties offered evidence to prove and claimed to have proved which was signed by the justice but which was wholly insufficient to afford a basis for reviewing the claimed errors. There also appears a statement in support of the first group of errors claimed, but it is signed only by counsel. It was offered at the trial in the Court of Common Pleas but was properly excluded because it was not a part of any bill of exceptions and was not in any way authenticated by the justice. In the absence of a proper bill of exceptions, this court cannot review the errors claimed in the writ.

There is no error.

In this opinion the other judges concurred.