STATE EX REL. MICHAEL TAKASCH ET AL. *v.*
D. HAROLD COTTER ET AL.

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE No. 55959

Memorandum filed September 15, 1952.

*John B. Dillon,* of Derby, for the Plaintiffs.

*John V. Donnelly, Sidney P. Simons* and *Jack Samowitz,* all of Bridgeport, for the Defendants.

FitzGerald, J.  The above-captioned action is one of mandamus in which service was made on the two named defendants (a judge and the clerk of the Municipal Court of Bridgeport) on November 21 and 26 respectively.  Pleadings were thereafter closed and the trial was had before me on April 29, 1952.  It was a keenly contested trial.  Pursuant to a memorandum of decision filed by me on May 15, 1952, judgment was entered for the defendants denying the issuance of the writ.

On May 27, 1952, the plaintiffs through their counsel filed a motion for extension of time from May 29, 1952, until July 1, 1952, in which to file an appeal to the Supreme Court of Errors from the judgment of May 15, 1952.  The reason personally advanced to me by the plaintiffs' attorney was that he required additional time in which to perfect the appeal.  I asked the clerk to inform opposing counsel that it would be useless to oppose the motion and that I was prepared to grant it.  On June 3, 1952, I did grant the requested motion for extension.  The order, signed by me, reads: "For good cause shown, the above [motion] is hereby granted."

On July 1, 1952, no appeal or other paper or motion of any character whatsoever was filed by the plaintiffs.  This remained the situation until the afternoon of Friday, August 29, 1952, when the plaintiffs' attorney appeared in my chambers at New Haven.  He had with him for my signature the motion which is the subject of the present question.  It is captioned "Motion for Extension of Time in Which

to File an Appeal, Request for Finding and Draft Finding." I advised him that the rule required that the motion be filed at the clerk's office in Bridgeport so that notice could be sent to opposing counsel for an opportunity to interpose an objection at a hearing held for that purpose. The motion was then filed at the clerk's office on September 2, 1952. A hearing was had before me on the question presented on September 9, 1952.

The granting of the motion was vigorously opposed. It is the position of the plaintiffs' attorney that, having secured an extension of time until July 1, 1952, in which to prosecute the appeal, the rules of court automatically gave him additional time until September 2 (September 1 being a holiday), in which to move forward, and that the granting of the added time now requested is solely a matter of discretion.

The position of the opposition is that, nothing further having been done by the plaintiffs on or before July 1, 1952, the matter is necessarily at an end, and that there is nothing present to warrant on my part the invoking of a legal discretion as the basis of granting the tardily interposed motion.

The sections of the Practice Book to which one counsel or another has referred are 377, 378, 413, 414. The situation presented by the motion does not seem to fall within the purview of any of these sections. The latter portion of § 414—"and all limitations of time as regards proceedings to make or complete the record in any case where an appeal has been taken shall be suspended during July and August"—has no application since no appeal has ever been taken.

The Supreme Court of Errors has now gone on record as stating that a "prevailing party" should not be left in "uncertainty as to the time when he could regard the litigation as finally settled by the judgment of the trial court." *State ex rel. Baskin*

v. *Bartlett,* 132 Conn. 623, 624. It would seem that the granting of the plaintiffs' motion would be contrary to the statement of the foregoing principle. In life all things must come to an end. Cases in the law courts are not an exception. When July 1, 1952, came and went, and in the absence of any notice to the contrary, the prevailing defendants before the trial court should be held entitled to assume that the litigation was at an end. Actually the litigation between the real parties in interest is of long standing and one phase already has had the benefit of a review before the Supreme Court of Errors. See *Takasch* v. *Frederico,* 136 Conn. 185.

"Unless due cause is shown the granting of the motion [to extend time for appeal] constitutes an abuse of discretion, but what is due cause is largely a matter of discretion. Illness or incapacity of counsel to transact legal business, domestic affliction or other circumstances making the failure of counsel to act seasonably not unreasonable, might properly be considered due cause; so, too, any other situation making it a real hardship upon the litigant to suffer through the failure of his counsel to act seasonably; but mere inadvertence of counsel by itself would rarely, if ever, be deemed sufficient cause, unless the trial court was of the opinion that a doubtful question of law was involved in the appeal or unless the circumstances indicate that justice would probably not be fully served unless an appeal was permitted." Maltbie, Conn. App. Proc., 206.

Within the meaning of the foregoing quotation from Judge Maltbie's work, I cannot find present the element of "due cause" to warrant the exercise of a legal discretion to grant the motion for further extension. None of the affirmative situations enumerated fortify the plaintiffs' position. They are absent.

Motion denied.