STATE OF CONNECTICUT *v.* ANTOINE J. CAISSIE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 17-2390

Argued September 14, 1962—decided January 7, 1963

*Allen J. Segal,* of Plainville, for the appellant (defendant).

*Louis J. Mattioli,* assistant prosecuting attorney, for the appellee (state).

JACOBS, J. The defendant, in an information charging him with the crime of operating a motor vehicle while under the influence of intoxicating liquor on or about April 25, 1962, at Plainville in violation of § 14-227 of the General Statutes, was found guilty in a trial to the jury. In the second part of the information, the defendant was charged as a second offender and elected to be tried to the court before the same judge. He was found guilty as a second offender. This appeal is concerned only with the second part of the information.

The jury returned its verdict on May 31, 1962. The second part of the information charged that "on March 18, 1959, in the Bristol City Court, . . . held at Bristol, Conn., the . . . defendant was convicted of operating while under the influence of liquor or drugs." An entry appears on the second part of the information signed by Frank J. Bukowski, assistant clerk, and ran as follows, the italicized words being those written by the assistant clerk and the others being printed: "This is to certify that, before the above-named defendant was put to plea,

the above-named defendant was informed, in the absence of the court, of the contents of this second part of the complaint, on the day and at the time and place following: *on May 15, at 10:10 a.m. in the Hallway of Circuit Court Building in Plainville."*

The assignments of error are several in number but only two require our attention, (1) that the state failed to comply with the provisions of § 340 of the Practice Book, and (2) that the certified copy of the defendant's "operator's driving history" (exhibit A) was inadmissible to prove a prior conviction. The claim that the court erred in denying the defendant's motion to dismiss will not be considered, since the denial of such a motion is not properly assignable as error. *State* v. *Smith,* 149 Conn. 487, 489; Maltbie, Conn. App. Proc. § 212.

A preponderance of the states have statutes which permit the imposition of an increased punishment for criminal offenses where the defendant has been convicted of prior offenses. 2 Wharton, Criminal Evidence (12th Ed.) § 645. Section 14-227 is such a statute. See also § 54-62. Several methods have been established under habitual criminal statutes as to when and how prior convictions are to be alleged and proved. These methods may be conveniently catalogued into four groups: (1) the common-law method; (2) the use of a supplemental procedure; (3) determination of status by the judge; and (4) the Connecticut method. "The best procedure yet devised in this country was taken from an English statute and adopted by the supreme court of Connecticut." Note, 33 N.Y.U.L. Rev. 210, 216, citing *State* v. *Ferrone,* 96 Conn. 160. That method is now embodied in Practice Book § 340, captioned, "Former conviction; separate pleas," the provisions of which are fully set out in *Armstrong* v. *Potter,* 20 Conn. Sup. 101.

The defendant argues that "[t]here was no testimony whether or not witness [Frank J.] Bukowski was the clerk of the [Circuit Court] and whether he [the defendant] was put to plea before or after being notified of being an alleged second offender." Under § 51-253, the "assistant clerks [of the Circuit Court] shall have the same powers and duties as clerks of said court." See *State* v. *McGee,* 80 Conn. 614, 619; *Farnham* v. *Lewis,* 83 Conn. 134, 136. Moreover, we are permitted to take judicial notice of the fact that Frank J. Bukowski was the assistant clerk in circuit seventeen of the Circuit Court at the time in question. Incumbencies of the more important and notorious offices are judicially noticed. 9 Wigmore, Evidence (3d Ed.) §§ 2576, 2578. He was the proper person to warn the defendant. See *State* v. *Belanger,* 148 Conn. 57, 58. It is further suggested that additional evidence was required to show positively that the defendant had been duly warned before he was put to plea on the first part of the information. "On the contrary, we must presume from the official action taken that this indispensable requisite had been met. 'Public officers acting officially are presumed to have done their duty until the contrary appears.'" *Hellman* v. *Karp,* 93 Conn. 317, 323; 9 Wigmore, op. cit. § 2534. We see nothing in this case which rebuts the presumption that the assistant clerk was acting under a sense of official responsibility and of due performance of official duty.

The final assignment of error relates to the admission of the certified copy of the defendant's driving history to prove a prior conviction of the same offense. Section 14-141 provides that "[a] record shall be kept by each court of original jurisdiction of any violation of the laws relating to the registration, equipment and operation of motor vehicles . . . and a certified abstract of such record

. . . shall, within two days after . . . conviction, . . . be transmitted to the commissioner [of motor vehicles] by the clerk of such court." And under § 14-3, the commissioner is required by law to keep a record "of all reports sent to his office" and "[a]ny certified copy of any document or record of the commissioner, attested as a true copy by the commissioner, deputy commissioner or chief of a division, shall be competent evidence in any court of this state of the facts therein contained."

We think the certified copy of the defendant's driving record, even in the absence of statute, is admissible as an official written statement, sometimes referred to as public records and documents, under an exception to the hearsay rule. Section 14-3 imposed upon the commissioner the duty of keeping a record "of all reports sent to his office." *"Wherever there is a duty to record official doings, the record thus kept is admissible. . . .* Practically, then, the admissibility of a given register or record depends ultimately on *whether the officer has the duty to do* the class of things recorded; *if they are within his duty, then the record* is admissible; otherwise not. The question of Evidence thus depends largely on the question of administrative law." 5 Wigmore, op. cit., p. 545, § 1639. "Statute has of course frequently stepped in to make expressly admissible many kinds of registers and records. In most instances the statutory declaration was unnecessary." 5 id., p. 548. Wigmore further states that "[w]hen it is a part of the *duty of a public officer* to make a statement as to a fact coming within his official cognizance, the great probability is that he does his duty and makes a correct statement." 5 id., p. 514, § 1632.

Accordingly, we hold that the statutes which we have cited have not merely granted express author-

ity to certify specified classes of facts but have gone further and declared such certificates admissible in evidence. The court did not err in admitting into evidence the certified copy of the defendant's "operator's driving history" to establish a prior conviction.

But, argues the defendant, "[t]he record nowhere indicates whether or not an appeal was taken from the alleged first offense." Apart from the fact that the defendant's driving record shows he paid a fine upon conviction of the prior offense and no appeal was taken, "[t]he state is not bound to prove as a part of its case that the prior conviction had not been vacated, set aside or reversed, and if such be the case the burden is on the accused." 1 Underhill, Criminal Evidence (5th Ed.) § 222.

The court properly concluded that the defendant was a second offender within the meaning of § 14-1 (39).

There is no error.

In this opinion PRUYN and KINMONTH, Js., concurred.