HENRY E. PITKIN ET AL., ADMINISTRATORS, vs. THE NEW YORK & NEW ENGLAND RAILROAD COMPANY.

First Judicial District, Hartford, October Term, 1895.  ANDREWS, C. J.,
          TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 1129 of the General Statutes regulating appeals to the Supreme
    Court of Errors, provides that any party who thinks himself aggrieved
    by the decision of the trial court upon questions of law, may appeal
    from its judgment to this court "next to be held in the judicial district
    or county where the judgment was rendered." *Held* that the words
    "next to be held" meant the term of this court to be held next after
    the filing of the appeal, rather than the term held next after the judg-
    ment of the trial court, or next after the filing of the notice of appeal;
    and that chapter 116 of the Public Acts of 1889, which provided that
    appeals might be taken to the term to be held "next after the filing of
    the appeal," did not create the right to appeal to another or different
    term, but was merely declaratory of the meaning of § 1129.
An appeal to the Supreme Court of Errors, taken to a term already past at
    the date of the appeal, will be dismissed on plea in abatement.

          [Argued October 2d—decided November 22d, 1895.]

ACTION to recover damages for negligence in causing the death of the plaintiff's intestate; brought to the Superior Court in Hartford County and heard in damages to the court, *Thayer, J.*; facts found and judgment rendered for the plaintiffs for $10 damages only, and appeal by the plaintiffs for alleged errors in the rulings of the court.

In this court the appellee filed a plea in abatement, upon the ground that the appeal was taken to the May term of this court, instead of to the October term, as it should have been taken. *Plea in abatement sustained and appeal dismissed.*

The case is sufficiently stated in the opinion.

*John A. Stoughton*, for the appellants (plaintiffs).

*Edward D. Robbins*, for the appellee (defendant).

TORRANCE, J. In this case, the appeal to this court was taken by the plaintiffs "to the Supreme Court of Errors to be holden at Hartford, in and for the first judicial district, on the first Tuesday of May, 1895." The defendant, claiming that said appeal should have been taken to the succeeding October term of said court, filed in due time in this court a plea in abatement in said cause, setting up the facts upon which its claim was based, and praying that the appeal might be dismissed for the reasons set forth in said plea. The facts set up in the plea are substantially admitted in the answer thereto made by the plaintiffs, and to this answer the defendant demurred.

The record shows that the judgment from which the present appeal was taken, was rendered May 1st, 1895; that notice of appeal was filed on the fourth of the same month; that a finding of facts was filed by the judge with the clerk, on the 16th of May, 1895; and that the appeal in writing was filed and allowed on the 24th day of that month. It further appears that the term of the Supreme Court of Errors, to which the appeal was thus taken, had ended before the written appeal was filed and allowed.

It thus appears that the May term of this court, to which the appeal was taken, was the term "next to be held" after the *judgment* was rendered and after the *notice* of appeal was filed; while the October term, 1895, was the one "next to be held" after the *written appeal* was filed and allowed.

Under the Act of 1889 (Public Acts of 1889, Chap. 116), providing that an appeal of this kind may be taken to the term to be held next after the filing of the appeal, it is conceded that the plaintiffs might have taken their appeal to the October term; but they claim that they were also at liberty, under the provisions of the General Statutes relating to appeals of this kind, to take it, at their option, to the May term; and the question here is whether this claim is well founded.

It will of course frequently happen that the court to be held next after the rendition of the judgment appealed from, and the one to be held next after the filing of the written appeal, will be one and the same court; and whenever this is the case an appeal taken to that court will, in this respect, be properly taken; but whenever, as may often happen, a term of the Supreme Court intervenes between the date of the judgment and the time of filing the appeal, it becomes important in point of practice to determine whether the appeal can be taken to such intervening term.

The answer to the question thus raised by the plea in abatement depends upon the construction to be put upon § 1129 of the General Statutes, which in cases of this kind provides as follows: "If either party thinks himself aggrieved by the decision of the court upon any question or questions of law arising in the trial, he may appeal from the judgment of the court in such cause or action and remove the said question or questions, for revision, to the Supreme Court of Errors next to be held in the judicial district or county where the judgment was rendered."

What do the words "may appeal . . . to the Supreme Court of Errors next to be held," as they stand in this section, mean? Do they mean the term of court to be held next after the rendition of the judgment, even in cases where the written appeal is filed after such term has begun or has ended; or do they invariably mean the term of court next to be held after the written appeal is filed?

We think this last is the true meaning of the words in question, whether considered as standing by themselves, or when read, as they ought to be, in the light of the four sections immediately following § 1129. If we once determine when, and at what stage of the proceedings described in the five sections referred to, an appeal is or may be said to be "taken," it will go far to settle the question under consideration.

The plaintiffs seem to contend that the appeal is taken when the notice of appeal is filed, but this clearly cannot be true. The notice of the appeal is not the appeal itself. It is not required that the notice shall state the court to which

the appeal is taken, nor the reasons nor grounds of the appeal. It is in substance and effect only a statement that the party then intends to appeal within the time and upon the conditions prescribed by law and the rules of court. It is but one step in the process of taking an appeal, and at the time when it is required to be filed the party himself, in many cases, cannot know to a certainty that he will take the appeal, or that he will have any just grounds for an appeal. Within the time prescribed for taking an appeal, the party desiring to take one may delay taking it to the last moment. Up to that time, all the steps in the process, preceding the filing of the written appeal, are preparatory merely. When he in fact " appeals," he is required within the proper time to file with the clerk of the court where the judgment was rendered or decree passed " an appeal in writing substantially in the form " prescribed in § 1133, and then and there to give security to the adverse party for costs. When this is done, and not till then, the appeal is taken.

Under these sections then, we think the appeal is taken only when the written appeal is filed in substantial compliance with their provisions; and when, therefore, § 1129 says a party " may appeal . . . to the Supreme Court of Errors next to be held in the judicial district or county where the judgment was rendered," it means an appeal to a term of court to be held next subsequent to the time of filing the written appeal, and not an appeal to a term of court ended, or already begun at that time. In short we think the words last above quoted must be construed as if they read, " may appeal . . . to the Supreme Court of Errors next to be held after the filing of the appeal, in the judicial district or county where the judgment was rendered."

This construction we think best carries out the legislative intent expressed in those sections; it preserves the rights of all parties; it leads to no absurd results; and it gives a general, certain, and imperative rule, easily understood and easily followed. On the other hand, the construction contended for by the plaintiffs serves no useful purpose, and leads, or

Pitkin et al., Admrs., *v.* N. Y. & N. E. R. R. Co.

may lead, to the somewhat singular result of taking an appeal to a term of court long past at the date of the appeal.

In the light of what has been said, we think the Act of 1889 hereinbefore referred to, must be regarded simply as declaratory of the meaning of § 1129, and not as giving a right of appeal which did not exist before. The conclusion reached makes it necessary to hold·that the plea in abatement must be sustained and the appeal dismissed.

The plea in abatement is sustained and the appeal is dismissed.

In this opinion the other judges concurred.