WILLIAM H. SORDEN vs. PHILIP HUGO, SHERIFF.

Third Judicial District, New Haven, June Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Chapter 240 of the Public Acts of 1909 provides that "an appeal" to this court by one convicted of and sentenced for a criminal offense shall operate as a stay of execution until the final determination of the case, unless the trial judge is of the opinion that "the appeal" is interposed only for delay, or that the due administration of justice requires the execution of the sentence, in which event he may order execution to issue at any time upon proper motion and hearing. Held that it was the appeal itself, and not the proceedings preparatory thereto, which put into operation the stay of execution; that during the period antecedent to an appeal

the question of the issue of a mittimus was a matter resting in the sound discretion of the trial court; and that nothing in the record in the present case indicated that the court's refusal to grant a third stay of execution, pending the filing of an appeal, was an abuse or improper exercise of its discretion.

Submitted on briefs June 8th—decided July 31st, 1911.

WRIT OF HABEAS CORPUS to determine the legality of the plaintiff's imprisonment, brought to and tried by the Superior Court in New Haven County, *Williams, J.;* facts found and judgment rendered dismissing the writ, from which the plaintiff appealed. *No error.*

The plaintiff was on January 6th, 1911, convicted in the Criminal Court of Common Pleas in New Haven County of keeping a disorderly house, and sentenced to imprisonment in the county jail. Upon the request of his counsel the court, on the same day, granted a stay of execution until January 13th, 1911, admitted him to bail, and released him from custody. On the last-named date a notice of appeal to this court was filed. Afterward, upon the same day, the court, upon request of his counsel, granted a further stay until January 27th, 1911, and counsel was allowed until the last-named date to file his request for a finding and draft-finding. January 26th, 1911, this request and draft were filed. January 27th plaintiff's counsel, pursuant to appointment, appeared before the court and requested a further stay. The matter of the propriety of a continued stay was discussed between the judge and counsel in the judge's private chambers, to which he retired for the purpose, the court not being adjourned. At this interview the judge stated his conclusion adverse to a continuance of the stay, and his reasons therefor. Thereupon he returned to the court-room, in open court announced that a further stay was denied, and directed a mittimus to issue. The prosecuting attorney was informed of the hearing, but

was excused from attendance by the court, and he was not present thereat. Pursuant to the mittimus the defendant sheriff took the plaintiff into custody. The present *habeas corpus* proceedings were thereupon instituted. At the hearing thereon plaintiff's counsel claimed that the mittimus was unlawfully issued, since it was not ordered to issue upon motion and hearing as provided by statute, chapter 240 of the Public Acts of 1909, p. 1183, and he objected and excepted to the admission of evidence outside of the records of the court as to what transpired between the court and counsel on January 27th, 1911.

*Arthur B. O'Keefe,* for the appellant (plaintiff).

*Robert J. Woodruff,* Prosecuting Attorney, for the appellee (defendant).

PRENTICE, J. All of the plaintiff's reasons of appeal rest upon the proposition, for which his counsel contends, that a mittimus could not, under the circumstances, issue for the execution of the sentence imposed upon him, in the absence of an order therefor entered upon a formal motion made by the prosecuting officer, and after a hearing thereon.

The proposition thus advanced is based upon the mistaken assumption that an automatic stay of execution was in operation as a consequence of the notice of appeal and the proceedings looking to an appeal then in progress. Counsel rely upon chapter 240 of the Public Acts of 1909 (p. 1183), for the creation of this stay. It will be noted, however, that the statutory stay results from an appeal to this court. There was none in the present case. Proceedings preparatory to an appeal do not constitute one. *Pitkin* v. *New York & N. E. R. Co.,* 67 Conn. 19, 21, 34 Atl. 704;

*Barton* v. *New Haven,* 74 Conn. 729, 731, 52 Atl. 403. The statute has left the matter of stay of execution, during the period antecedent to an appeal, to the court in the exercise of its discretion. Counsel and the court rightly acted upon this assumption, when two successive limited stays were asked for and granted, and a third requested. In the exercise of its discretion the court was not restricted, by the statute or otherwise, as to procedure. It was bound not to abuse it. It was acting in the exercise of that discretion when it refused a further stay and ordered the mittimus to issue forthwith, and nothing is suggested upon the record to indicate that it was not properly exercised.

In our recital of the facts, and in our conclusions, we have for simplicity of discussion given the plaintiff the benefit, to the fullest extent, of the facts as he claims they were established by the evidence, and have not made use of certain facts and conclusions found and reached by the trial court to which he has objected as being unwarranted by the evidence.

There is no error.

In this opinion the other judges concurred.