ERIC J. YOUNGQUIST *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(AC 17540)

Foti, Landau and Spear, Js.

Argued September 24—officially released November 17, 1998

*Eric J. Youngquist,* pro se, the appellant (plaintiff).

*Victor R. Perpetua,* commission counsel, with whom, on the brief, was *Mitchell W. Pearlman,* general counsel, for the appellee (named defendant).

*Gregory T. D'Auria,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Christopher L. Levesque,* assistant attorney general, for the appellee (defendant department of banking).

*Opinion*

FOTI, J. The pro se plaintiff, Eric J. Youngquist, appeals from the judgment of the trial court denying his motion for fees and expenses filed pursuant to General Statutes § 4-184a (b).[1] He claims that the trial court improperly (1) concluded that the defendant freedom of information commission (commission)[2] had substantial justification for its action and (2) denied his motion for reasonable fees and expenses, including the value of his time as a pro se litigant.[3] We affirm the judgment of the trial court.

The following facts are relevant to this appeal. After the state department of banking (department) denied

[1] General Statutes § 4-184a (b) provides in relevant part: "In any appeal by an aggrieved person of an agency decision taken in accordance with section 4-183 and in any appeal of the final judgment of the Superior Court under said section taken in accordance with section 51-197b, the court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification."

[2] In addition to the commission, the state department of banking, an intervening party, is also a defendant. While the department of banking is mentioned in the plaintiff's brief, the plaintiff focuses exclusively on whether the trial court improperly determined that the commission itself had substantial justification for finding that disclosure was not required. The plaintiff has failed to articulate adequately any argument as to the impropriety of the action by the department of banking or the trial court's review of that action. "Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Fitzgerald* v. *Fitzgerald,* 16 Conn. App. 548, 554, 547 A.2d 1387, cert. denied, 210 Conn. 802, 553 A.2d 615 (1988).

[3] The plaintiff's motion requested a total of $5638.97. That figure included compensation for time spent appealing his case to the commission and the

his request for the names and addresses of certain department employees, the plaintiff filed an appeal with the commission, seeking disclosure of the names and addresses. Following hearings on the matter, the commission ordered such disclosure, but only with respect to those department employees who had not objected to disclosure. The plaintiff appealed from that decision to the trial court, which ordered the release of the names and addresses of all the department employees requested by the plaintiff.[4] The department released the information as ordered. The plaintiff thereafter filed a motion for fees and expenses pursuant to § 4-184a (b).

The trial court denied the plaintiff's motion for fees and expenses and noted, in full: "Motion denied. [The commission] had substantial justification for its action pursuant to [the] decision in *West Hartford* v. *Freedom of Information Commission*, 218 Conn. 256 [588 A.2d 1368] (1991)." Following the trial court's ruling, the plaintiff did not seek an articulation. Therefore, as a preliminary matter, we must determine whether the record is adequate for our review of the plaintiff's claims.

In general, "[t]he decision to award attorney's fees for unjustified agency actions is within the discretion of the trial court. See General Statutes § 4-184a (b); *Labenski* v. *Goldberg*, 41 Conn. App. 866, 871, 678 A.2d 496, cert. denied, 239 Conn. 910, 682 A.2d 1002 (1996). Thus, § 4-184a (b) provides that the 'court may, *in its discretion*,' award reasonable fees to the prevailing party if the court determines that the agency acted 'without any substantial justification.' " (Emphasis in

trial court at a rate of $60 per hour, as well as for expenditures for mileage, copies, parking, postage and other miscellaneous expenses.

[4] The trial court filed both an original memorandum of decision, reversing the commission's decision, and a memorandum of decision on the commission's motion to reargue, neither of which made specific findings as to the issue of substantial justification.

original.) *Burinskas* v. *Dept. of Social Services*, 240 Conn. 141, 154, 691 A.2d 586 (1997).

Our Supreme Court has "concluded that substantial justification . . . connotes reasonableness or a reasonable basis in law or fact . . . [and has] construed § 4-184a (b) as requiring an action that is entirely unreasonable or without any reasonable basis in law or fact." (Citation omitted; internal quotation marks omitted.) *Connecticut Assn. of Not-for-Profit Providers for the Aging* v. *Dept. of Social Services*, 244 Conn. 378, 401, 709 A.2d 1116 (1998). Therefore, in reviewing the plaintiff's claim that the trial court improperly found that the commission had "substantial justification" for its action, we must determine whether the trial court properly concluded that the commission had a reasonable basis in both law and fact to deny the plaintiff's request. See *McDonald* v. *Rowe*, 43 Conn. App. 39, 42–43, 682 A.2d 542 (1996).

Because there were no findings of fact made by the trial court, however, we have nothing to review to determine whether the facts are sufficient to support the conclusion that "substantial justification" existed for denying the plaintiff's request for disclosure. In other words, we cannot determine whether there was a "reasonable basis in fact" for the action taken by the commission. We have consistently stated that it is the responsibility of the appellant to provide an adequate record for review. Practice Book § 61-10, formerly § 4007. "[W]e cannot render a decision without first having specific findings of fact to determine the basis of the court's ruling." (Internal quotation marks omitted.) *Gorneault* v. *Gorneault*, 34 Conn. App. 923, 924, 642 A.2d 734, cert. denied, 231 Conn. 911, 648 A.2d 152 (1994).

We do not seek a return to the onerous "finding system."[5] Nevertheless, because we have not been pro-

_____

[5] "Prior to 1979, the memorandum of decision was relatively unimportant, and instead an elaborate and complicated system of findings was used to

vided with the trial court's factual basis for its ruling, we cannot reach the issue of whether the trial court acted properly. To review this claim, we would have "to surmise or speculate as to the existence of a factual predicate for the trial court's rulings."[6] (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608, 710 A.2d 190 (1998). We therefore decline to review this matter.

The judgment is affirmed.

In this opinion the other judges concurred.

---

provide a mechanism for appellate review. W. Horton, 'The Connecticut Supreme Court—On Becoming Supreme Again,' 52 Conn. B.J. 45, 51 (1978). The process for findings of facts included requests for findings, proposed draft findings, counterfindings, findings, motions to correct the findings, and the bill of exceptions. Id. This system had been in effect since 1830. See *State* v. *Rios*, 30 Conn. App. 712, 716–17, 622 A.2d 618 (1993) (*O'Connell, J.,* concurring); M. Tyler, 'The Finding of Facts in Connecticut,' 4 Conn. B.J. 265, 265–67 (1930). This system often caused the trial judge to pore over the transcripts months or years after the trial, causing lengthy delays for taking an appeal. W. Horton, supra, 51." *Lauer* v. *Zoning Commission*, 246 Conn. 251, 260, 716 A.2d 840 (1998).

[6] Because the first issue is dispositive, we do not find it necessary to address the second issue.