ANGELA D. RAYMOND *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(AC 20400)

Landau, Dranginis and Shea, Js.

*(One judge dissenting)*

Argued March 26—officially released November 20, 2001

*Nancy Burton*, for the appellant (plaintiff).

*Victor Perpetua*, appellate attorney, with whom, on the brief, was *Mitchell W. Pearlman*, general counsel, for the appellee (named defendant).

*Thomas W. Beecher*, with whom, on the brief, was *Francis J. Collins*, for the appellee (defendant zoning commission).

*Opinion*

SHEA, J. The plaintiff, Angela D. Raymond, appeals from the portion of the judgment of the trial court denying her request for reasonable fees and expenses that was filed pursuant to General Statutes (Rev. to

1995) § 4-184a (b).[1] On appeal, the plaintiff claims that the court improperly concluded that the defendant freedom of information commission (commission) acted with substantial justification, and that the court thereby improperly denied her request for attorney's fees and costs. We remand the case to the trial court for further articulation regarding that portion of the judgment relating to the plaintiff's request for reasonable fees and expenses.

The following facts are relevant to our resolution of the plaintiff's appeal. On July 13, 1996, a Saturday, the plaintiff sent a complaint via facsimile to the commission[2] and sent a copy to the attorney for the defendant zoning commission of the town of Brookfield. The complaint alleged that the zoning commission had held an illegal meeting on June 13, 1996, in violation of the Freedom of Information Act, General Statutes (Rev. to 1995) § 1-7 et seq., now § 1-200 et seq., in which the zoning commission approved the extension of a quarrying permit on land adjoining the property of the plaintiff. The plaintiff claimed that she did not learn of the action taken by the zoning commission until two weeks later. At the bottom of each page of the complaint, there was a stamped printout by the commission's fax machine showing the complaint as having been received on July 13, 1996. The complaint also was mailed to the

---

[1] General Statutes (Rev. to 1995) § 4-184a (b) provides: "In any appeal by an aggrieved person of an agency decision taken in accordance with section 4-183 and in any appeal of the final judgment of the superior court under said section taken in accordance with section 51-197b, the court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification."

[2] General Statutes (Rev. to 1995) § 1-21i (b) (1), now § 1-206 (b) (1), provides in relevant part: "Any person . . . denied any other right conferred by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, 1-20a and 1-21 to 1-21k, inclusive, may appeal therefrom to the Freedom of Information Commission, by filing a notice of appeal with said commission. A notice of appeal shall be filed within thirty days after such denial . . . ."

commission on Saturday, July 13, 1996. Because the plaintiff faxed her complaint on a Saturday, a nonwork day, the commission did not know of, or view, the complaint until Monday, July 15, 1996.

A hearing on the complaint was held before a hearing officer on February 11, 1997. The plaintiff and the zoning commission presented testimony on the merits of the complaint. At the conclusion of the hearing, the zoning commission raised the issue of whether the complaint, which it claimed was not filed until Monday, July 15, 1996, had been filed within the thirty day time requirement allowed for an appeal of the matter.[3]

The hearing officer in her proposed decision of May 14, 1997, did not address the merits of the plaintiff's complaint, but dismissed it for lack of jurisdiction because she found that it had not been timely filed within thirty days after the alleged violation of the Freedom of Information Act. Claiming that her complaint was timely filed, the plaintiff filed a petition for reconsideration. The commission adopted the hearing officer's decision and denied the plaintiff's petition for reconsideration. In its decision, the commission, which quoted statutory provisions and the Regulations of Connecticut State Agencies, concluded that "such notice of appeal shall be deemed to have been filed on the

---

[3] General Statutes (Rev. to 1995) § 1-21i (b) (1), now § 1-206 (b) (1), provides in relevant part: "Any person denied the right to inspect or copy records . . . or wrongfully denied the right to attend any meeting of a public agency or denied any other right conferred by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, 1-20a and 1-21 to 1-21k, inclusive, may appeal therefrom to the Freedom of Information Commission, by filing a notice of appeal with said commission. *A notice of appeal shall be filed within thirty days after such denial,* except in the case of an unnoticed or secret meeting, in which case the appeal shall be filed within thirty days after the person filing the appeal receives notice in fact that such meeting was held. For purposes of this subsection, such notice of appeal shall be deemed to be filed on the date it is received by said commission or on the date it is postmarked . . . ." (Emphasis added.)

date it is received by said commission, or on the date it is postmarked, if received more than thirty days after the date of the denial from which such appeal is taken," and also stated that Saturdays, Sundays, legal holidays and any day on which the office of the agency, the secretary of the state, is closed shall be excluded" in calculating the time allowed.

On July 31, 1997, the plaintiff appealed to the trial court from the commission's denial of her petition for reconsideration, claiming that her complaint had been timely filed within the thirty days allowed by General Statutes (Rev. to 1995) § 1-21i (b) (1), now § 1-206 (b) (1). The plaintiff relied on § 1-21j-15 of the Regulations of Connecticut State Agencies as it existed at the time she filed her complaint. Section 1-21j-15 as it existed at that time provided: "Computation of any period of time referred to in these rules begins with the first day following that on which the act which initiates such period of time occurs, and ends on the last day of the period so computed. This last day of that period is to be included unless it is a day on which the office of the commission is closed, in which event the period shall run until the end of the next following business day. When such period of time, with the intervening Saturdays, Sundays and legal holidays counted, is five (5) days or less, the said Saturday, Sundays and legal holidays shall be excluded from the computation; otherwise such days shall be included in the computation." The plaintiff then filed an amended complaint seeking, in pertinent part, all reasonable fees and expenses, including attorney's fees, which resulted from the commission's dismissal on the basis of lack of jurisdiction.[4]

---

[4] General Statutes (Rev. to 1995) § 4-184a (b) provides: "In any appeal by an aggrieved person of an agency decision taken in accordance with section 4-183 and in any appeal of the final judgment of the superior court under said section taken in accordance with section 51-197b, the court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if *the court determines that the action of the agency was undertaken without any substantial justification.*" (Emphasis added.)

On December 13, 1999, the court filed its memorandum of decision in which it held that the record, contrary to the findings of the commission, "indicates that the plaintiff . . . did in fact fax a copy of her complaint to the commission on July 13, 1996, a Saturday. . . . [A]t the bottom of each page [of the complaint] appears a stamped printout by the commission's fax machine [indicating its receipt] on [Saturday,] July 13, 1996 at 10:41 through 10:46. . . . The record further indicates and the parties do not dispute that the commission was closed for business on Saturday, July 13, 1996. Accordingly, pursuant to section 1-21j-15 of the Regulations of [Connecticut] State Agencies, the appeal period did not [expire] until the end of the next following business day, Monday, July 15, 1996." Having found that the plaintiff's petition had been timely filed with the commission, the court sustained the plaintiff's appeal and remanded the case for further proceedings.

In its memorandum of decision, however, the court denied the plaintiff's request in her amended complaint for costs and attorney's fees, pursuant to § 4-184a (b), on the ground that the plaintiff had failed to address the issue in her brief. The trial court relied on the principle that issues not adequately briefed are deemed to have been abandoned. The court also denied the request for attorney's fees because it concluded that the commission's action in this case was not undertaken without substantial justification, which is the prerequisite for an award of reasonable attorney's fees and other expenses to the prevailing party pursuant to § 4-184a (b).[5]

The plaintiff thereafter filed a motion for articulation of the court's conclusion that the commission's action "was not undertaken without any substantial justification," as stated in the memorandum of decision, which

---

[5] See footnote 4.

the court denied. The plaintiff then filed with this court a motion for review of the denial of her motion for articulation, which we granted and then directed the trial court to further articulate its decision in accordance with the plaintiff's motion. This appeal followed.[6]

The plaintiff contends that the court improperly found that the commission's action was undertaken with substantial justification, and thereby improperly denied her motion for reasonable fees and expenses.

Our review of the court's decision whether to award attorney's fees is one of abuse of discretion. *Burinskas* v. *Dept. of Social Services*, 240 Conn. 141, 154, 691 A.2d 586 (1997). "In general, [t]he decision to award attorney's fees for unjustified agency actions is within the discretion of the trial court. . . . Thus, § 4-184a (b) provides that the court may, *in its discretion*, award reasonable fees to the prevailing party if the court determines that the agency acted without any substantial justification." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Youngquist* v. *Freedom of Information Commission*, 51 Conn. App. 96, 98, 719 A.2d 1210 (1998), cert. denied, 247 Conn. 955, 723 A.2d 812 (1999).

"Our Supreme Court has concluded that substantial justification . . . connotes reasonableness or a reasonable basis in law or fact . . . [and has] construed § 4-184a (b) as requiring an action that is entirely unreasonable or without any reasonable basis in law or fact.

---

[6] In this appeal, the commission no longer contends that the plaintiff's complaint to the commission was not timely filed and received. The commission has not filed an appeal to challenge the court's decision on the merits. It has filed a brief in support of the court's denial of the plaintiff's motion for reargument on the issue of awarding attorney's fees and expenses in accordance with General Statutes (Rev. to 1995) § 4-184a (b). Consequently, the only remaining issue raised by the appeal is the propriety of the court's denial of the plaintiff's demand for attorney's fees and other expenses incurred in the prosecution of this litigation pursuant to § 4-184a (b).

(Internal quotation marks omitted.) Id., 99. "[T]his demanding standard . . . [strikes] a balance between compensating aggrieved litigants for unjustified agency action, and ensuring that not all agency actions that are subject to judicial reversal for legal error result in an a award of attorney's fees." *Burinskas* v. *Dept. of Social Services*, supra, 240 Conn. 156.

On October 27, 2000, the court filed an articulation of its memorandum of decision, which simply repeated the two grounds for the decision set forth in the memorandum of decision, namely, the failure of the plaintiff to brief the issue of attorney's fees and the finding of the court that "the commission's action in this case was not undertaken without any substantial justification." Neither the memorandum of decision nor the court's articulation specifies or even vaguely suggests what facts or other considerations were deemed by the court to constitute "substantial justification" for the commission's action in this case.

Because the court has failed to set forth findings of fact sufficient to support the conclusion that "substantial justification" existed for the commission's dismissal of the plaintiff's complaint, we are unable to glean adequately the rationale behind the court's decision. In particular, we are unable to determine the basis "in law or fact" for the court's conclusion that the commission's action in dismissing the plaintiff's complaint as untimely filed "was not undertaken without any substantial justification," in light of the court's ultimate conclusion that it was timely filed and that the plaintiff's administrative appeal should be sustained. Therefore, we remand the case to the trial court to articulate the precise facts and circumstances constituting substantial justification for the commission's action. See Practice Book § 60-5;[7] see

---

[7] Practice Book § 60-5 provides in relevant part: "If the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision. . . ."

also, e.g., *Keeney* v. *Old Saybrook*, 237 Conn. 135, 167, 676 A.2d 795 (1996); *Connecticut Bank & Trust Co.* v. *Winters*, 225 Conn. 146, 163, 622 A.2d 536 (1993); *North Park Mortgage Services, Inc.* v. *Pinette*, 27 Conn. App. 628, 632–34, 608 A.2d 714 (1992).

With respect to the alternate ground relied on by the court in denying the plaintiff's request for reasonable fees and expenses, namely, the failure of the plaintiff to brief the issue of attorney's fees and other litigation expenses, it appears that the court overlooked the provision of § 4-184a (b) that provides that the court "may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification." Until the court's decision on the merits was rendered in her favor, the plaintiff could not have claimed to be the "prevailing party," and any briefing of the issue of attorney's fees would have been premature as well as presumptuous. In *Paranteau* v. *DeVita*, 208 Conn. 515, 522–23, 544 A.2d 634 (1988), our Supreme Court adopted the "bright-line approach" followed by the United States Supreme Court in *Budinich* v. *Becton Dickinson & Co.*, 486 U.S. 196, 202–203, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988), holding that a judgment on the merits is final for purposes of appeal notwithstanding that a claim for attorney's fees is unresolved. Because an award of attorney's fees and other litigation expenses would require the presentation of evidence of the reasonableness as well as the amount thereof, it could not have been adequately briefed until additional proceedings to determine those issues had been completed.

The case is remanded with direction to articulate further the facts and circumstances constituting the substantial justification for the commission's action with respect to the denial of the plaintiff's request for

reasonable fees and expenses pursuant to General Statutes (Rev. to 1995) § 4-184a (b) and we retain jurisdiction for the purpose of appeal. Section 1-22 of the rules of practice requires that a different judge be assigned to preside at the further proceedings to be conducted in the trial court.

In this opinion DRANGINIS, J., concurred.

LANDAU, J., dissenting. Although I agree with the majority's resolution of the issues considered in its opinion, I dissent because I do not think that it is necessary to remand the case to the trial court for further articulation.

In responding to this court's order in granting the plaintiff's motion for review, the trial court articulated the facts and legal authority on which it based its decision. The court cited *Nagy* v. *Employees' Review Board*, 249 Conn. 693, 708–709, 735 A.2d 297 (1999), and *Burinskas* v. *Dept. of Social Services*, 240 Conn. 141, 155–56, 691 A.2d 586 (1997). The court also stated: "The underlying facts on which this court relied were cited in this court's decision. See Memorandum of Decision, pp. 2–3. The [Freedom of Information Commission] dismissed the plaintiff's complaint for lack of jurisdiction under General Statutes [Rev. to 1995] § 1-21i (b) (1) [now § 1-206 (b) (1)]. In doing so, the [commission] adopted the hearing officer's proposed final decision." The court then cited seven paragraphs from the hearing officer's decision, which were also included in the court's memorandum of decision.

To me, it is clear that the court concluded that the substantial justification for the commission's action in dismissing the plaintiff's complaint was its reliance on the hearing officer's proposed final decision. For this reason, I respectfully dissent.