[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on Remand for Further Articulation
In July, 1996, the defendant freedom of information commission ("commission") alleging that the zoning board of the town of Brookfield had held a meeting that did not comply with the Freedom of Information Act, General Statutes § 1-200 et seq. The commission dismissed the complaint on the ground that it had not been filed on time. The plaintiff appealed to the superior court. Judge Michael Hartmere sustained the appeal on the ground that the complaint was timely filed. See Raymond v.Freedom of Information Commission, 67 Conn. App. 15, 17-20, 787 A.2d 56
(2001).
Judge Hartmere also denied the plaintiff's request for attorney's fees on the ground that the commission had substantial justification for its action. The plaintiff filed a motion for articulation, which Judge Hartmere denied. The appellate court granted the plaintiff's motion for review and ordered the trial court to further articulate its decision in accordance with the plaintiff's motion. Judge Hartmere thereupon filed an articulation of his decision. Id., 20-22.
The plaintiff then appealed to the appellate court. A majority of the court ordered the case remanded for further articulation. In the first paragraph of the decision, the court stated: "We remand the case to the trial court for further articulation regarding that portion of the judgment relating to the plaintiff's request for reasonable fees and expenses." Id., 17. Later in the opinion, the majority wrote: "we remand the case to the trial court to articulate the precise facts and circumstances constituting substantial justification for the commission's action." Id., 22. The majority opinion concluded as follows: CT Page 7370
 The case is remanded with direction to articulate further the facts and circumstances constituting the substantial justification for the commission's action with respect to the denial of the plaintiff's request for reasonable fees and expenses pursuant to General Statutes (Rev. to 1995) § 4-184a (b) and we retain jurisdiction for the purpose of appeal. Section 1-22 of the rules of practice requires that a different judge be assigned to preside at the further proceedings to be conducted in the trial court.
Id., 23-24.
In dissent, Judge Landau stated that he did "not think it necessary to remand the case to the trial court for further articulation." Id., 24 (Landau, J., dissenting). Judge Landau added that "it is clear that the court concluded that the substantial justification for the commission's action in dismissing the plaintiff's complaint was its reliance on the hearing officer's proposed final decision." Id. (Landau, J., dissenting)
Because of the last sentence in the majority opinion's remand order, the case was assigned to the undersigned instead of Judge Hartmere. The undersigned conducted a hearing on January 28, 2002, at which the undersigned expressed his confusion about the meaning of the appellate court's opinion and, in particular, about the order that one judge articulate the decision of another judge. Counsel for both the plaintiff and the defendant also stated that they found the appellate court decision confusing. Counsel for the plaintiff proposed filing a motion to reconsider with the appellate court. Counsel for the defendant stated that he would concur in the motion and the court stated its approval of appellate court reconsideration.
On June 4, 2002, this court conducted a hearing on whether the case should be dismissed for lack of diligence pursuant to Practice Book § 14-3. The basis for the court's concern was the fact that no motion for reconsideration had been filed with the appellate court despite the passage of more than four months. At the hearing, counsel for the plaintiff represented that she had become reluctant to file a motion for reconsideration essentially because she believed that, insofar as the appellate court ordered a remand, the appellate court had authority to do so. Based on that representation, this court decided that it would not dismiss the case for failure to prosecute with reasonable diligence. The court stated that it would write a decision expressing its inability to comply with the appellate court's remand order and then allow the appellate court to take any further action it deemed appropriate. Neither party objected to that procedure. CT Page 7371
This court's difficulties in implementing the remand order begin with the concluding sentence of the appellate court's majority opinion, which reads as follows: "Section 1-22 of the rules of practice requires that a different judge be assigned to preside at the further proceedings to be conducted in the trial court." Id., 24. The pertinent portion of Practice Book § 1-22 states: "A judicial authority shall, upon motion of either party or upon its own motion, be disqualified from acting in a matter . . . because the judicial authority previously tried the same matter and a new trial was granted therein or because the judgment was reversed on appeal." Practice Book § 1-22(a).[1] This court does not understand the applicability of this provision to this case. The appellate court majority did not grant a new trial or reverse the judgment, even on the attorney's fees issue. Rather than order a new trial or reverse the judgment, the majority repeatedly stated that it was remanding the case for further articulation. There does not appear to be a reason to assign this case to a different judge.
Beyond this initial concern with the applicability of § 1-22 is the problem of its relevance to a remand for articulation. This court cannot articulate the decision of another judge. In particular, this court cannot probe into the mind of Judge Hartmere and articulate the reasons why he found substantial justification. This concern is reflected in Practice Book § 66-5, which provides in pertinent part: "The appellate clerk shall forward the motion for rectification or articulation and the opposition, if any, to the trial judge who decided, or presidedover, the subject matter of the motion for rectification or articulation
for a decision on the motion. (Emphasis added.) The appellate court's remand order appears to be in conflict with this provision.
For these reasons, this court cannot conscientiously comply with the remand order and respectfully declines to do so. In making this decision, of course, the court intimates no view about the decision on the merits.
_________________________ Carl J. Schuman Judge, Superior Court