ANGELA D. RAYMOND *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(AC 20400)

Dranginis, Landau and Shea, Js.

Submitted on briefs October 31, 2002—officially released February 18, 2003

*Nancy Burton* filed a brief for the appellant (plaintiff).

*Victor Perpetua,* appellate attorney, and *Mitchell W. Pearlman,* general counsel, filed a brief for the appellee (named defendant).

*Thomas W. Beecher* and *Francis J. Collins* filed a brief for the appellee (defendant zoning commission).

*Opinion*

DRANGINIS, J. This administrative appeal returns to this court upon receipt of a response to this court's

order for articulation in *Raymond* v. *Freedom of Information Commission*, 67 Conn. App. 15, 787 A.2d 56 (2001). The issue to be determined is whether the trial court properly concluded that the defendant Freedom of Information Commission (commission) was substantially justified in dismissing the complaint of the plaintiff, Angela D. Raymond, and therefore properly denied her request for attorney's fees pursuant to General Statutes (Rev. to 1995) § 4-184a (b).[1]

Certain facts and procedural history of this case were set out in detail in our prior opinion. See *Raymond* v. *Freedom of Information Commission*, supra, 67 Conn. App. 17–21. We summarize them here in addition to other facts found by the court as set forth in its memorandum of decision. The genesis of this dispute is the plaintiff's claim that the defendant zoning commission of the town of Brookfield (commission) held an illegal meeting on June 13, 1996, in violation of the Freedom of Information Act. See General Statutes (Rev. to 1995) § 1-7 et seq., now § 1-200 et seq.

The plaintiff, therefore, appealed to the commission, pursuant to General Statutes (Rev. to 1995) § 1-21i (b) (1), now § 1-206 (b) (1), alleging that she was denied the right to attend the meeting. Section 1-21i (b) (1) requires that notice of appeal shall be filed within thirty days after the denial of a right.[2]

---

[1] General Statutes (Rev. to 1995) § 4-184a (b) provides: "In any appeal by an aggrieved person of an agency decision taken in accordance with section 4-183 and in any appeal of the final judgment of the superior court under said section taken in accordance with section 51-197b, the court may, in its discretion, award to the prevailing party, other than the agency, reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification."

[2] General Statutes (Rev. to 1995) § 1-21i (b) (1), now § 1-206 (b) (1), provides in relevant part: "Any person . . . denied any other right conferred by sections 1-15, 1-18a, 1-19 to 1-19b, inclusive, 1-20a and 1-21 to 1-21k, inclusive, may appeal therefrom to the Freedom of Information Commission, by filing a notice of appeal with said commission. A notice of appeal shall be filed within thirty days after such denial . . . ."

The plaintiff commenced her appeal by sending a facsimile of her complaint to the commission on Saturday, July 13, 1996. The commission office was closed that day, but the commission received the complaint on the next business day, Monday, July 15, 1996. A hearing on the complaint was held before a hearing officer on February 11, 1997. At that time, the town questioned whether the appeal was timely, claiming that the appeal was not filed until July 15, 1996, more than thirty days after June 13, 1996. The hearing officer found that the complaint was received by the commission on July 15, 1996, and thus was untimely. The hearing officer, therefore, dismissed the appeal for lack of jurisdiction.

The plaintiff filed a motion to open the hearing with the commission on May 28, 1997. At a special session held on June 6, 1997, the commission denied the plaintiff's motion and adopted the hearing officer's proposed final decision as its final decision. The commission did not act on the plaintiff's motion to open. The plaintiff thereafter filed a petition for reconsideration, which the commission denied.

The plaintiff then filed an administrative appeal in the Superior Court, challenging the commission's decision that her complaint had not been timely filed. The plaintiff relied on § 1-21j-15 of the Regulations of Connecticut State Agencies, as it existed at the time she filed her complaint, regarding the computation of any period of time referred to in the rules. The essence of the regulation is that when the last day of a period of time falls on a day the commission is closed, the appeal is timely if filed by the end of the next business day.[3]

---

[3] Section 1-21j-15 of the Regulations of Connecticut State Agencies (Rev. to 1995) provides in relevant part: "Computation of any period of time referred to in these rules begins with the first day following that on which the act which initiates such period of time occurs, and ends on the last day of the period so computed. This last day of that period is to be included *unless it is a day on which the office of the commission is closed, in which*

The court sustained the plaintiff's appeal, pursuant to the applicable standard of review; see *Bezzini* v. *Dept. of Social Services*, 49 Conn. App. 432, 436, 715 A.2d 791 (1998); determining that the office of the commission was closed on Saturday, July 13, 1996, and that the appeal period did not expire until the close of business on Monday, July 15, 1996. The court, however, denied the plaintiff's request for attorney's fees because the issue had not been adequately briefed and because the commission had acted with substantial justification. Thereafter, the plaintiff appealed to this court.[4]

In her appeal, the plaintiff claimed that the court improperly concluded that the commission acted with substantial justification and that the court, therefore, improperly denied her request for attorney's fees and costs. Following oral argument to this court, we concluded that the trial court improperly had determined that the plaintiff had failed to brief adequately her request for attorney's fees. See *Raymond* v. *Freedom of Information Commission*, supra, 67 Conn. App. 23. We remanded the case to the trial court to articulate "the facts and circumstances constituting substantial justification for the commission's actions with respect to the denial of the plaintiff's request for reasonable fees and expenses . . . ." Id., 23–24. That remand required a different judge to issue the articulation. The trial court, *Schuman, J.*, responded to that order without articulating.

Pursuant to our supervisory powers; see Practice Book § 60-2; and on the basis of our further review of

---

*event the period shall run until the end of the next following business day. . . .*" (Emphasis added.)

[4] With respect to the plaintiff's appeal to this court, the commission no longer contends that the plaintiff's complaint was not timely filed and has not appealed as to the merits of the trial court's decision. The commission filed a brief in support of the court's denial of the plaintiff's request for reargument as to attorney's fees. See *Raymond* v. *Freedom of Information Commission*, supra, 67 Conn. 21 n.6.

the court's initial articulation and the court's memorandum of decision, we sua sponte vacate our order for further articulation. We resolve the merits of this appeal on the basis of the court's memorandum of decision in which the court stated the procedural history of the plaintiff's appeal to the commission. It is on those facts that we reverse the court's judgment with respect to whether the commission had substantial justification to dismiss the plaintiff's appeal and remand the case to the trial court for an evidentiary hearing with regard to attorney's fees due the plaintiff, if any, pursuant to § 4-184a (b).

"The decision to award attorney's fees for unjustified agency actions is within the discretion of the trial court. See General Statutes § 4-184a (b); *Labenski* v. *Goldberg*, 41 Conn. App. 866, 871, 678 A.2d 496, cert. denied, 239 Conn. 910, 682 A.2d 1002 (1996). Thus, § 4-184a (b) provides that the court may, in its discretion, award reasonable fees to the prevailing party if the court determines that the agency acted without any substantial justification. . . . Accordingly, we review the trial court's decision to award attorney's fees for abuse of discretion. *State* v. *Reddick*, 224 Conn. 445, 467, 619 A.2d 453 (1993) (reversal warranted where an abuse of discretion is manifest or where injustice appears to have been done). *Burinskas* v. *Dept. of Social Services*, 240 Conn. 141, 154–55, 691 A.2d 586 (1997).

"Section 4-184a (b) authorizes a court to grant attorney's fees if it determines that the action of the agency was undertaken without any substantial justification. We recently have concluded that substantial justification . . . connotes reasonableness or a reasonable basis in law or fact. [Id., 156]. Thus, we have construed § 4-184a (b) as requiring an action that is entirely unreasonable or without any reasonable basis in law or fact. . . . *Connecticut Assn. of Not-for-Profit Providers for the Aging* v. *Dept. of Social Services*, 244 Conn. 378,

401, 709 A.2d 1116 (1998)." (Internal quotation marks omitted.) *Nagy* v. *Employees' Review Board,* 249 Conn. 693, 708–709, 735 A.2d 297 (1999). "Whether or not the position of the agency was *substantially justified* shall be determined on the basis of the administrative record, as a whole, which is made in the adversary [adjudication] for which fees and other expenses are sought." (Emphasis in original; internal quotation marks omitted.) *Labenski* v. *Goldberg,* supra, 41 Conn. App. 872.

The court noted paragraphs three through eleven of the hearing officer's report in its memorandum of decision. The hearing officer found that the plaintiff's complaint was received by the commission on July 15, 1996. The hearing officer cited § 1-21i (b) (1) for the rule that a complaint must be filed within thirty days after the denial of a right. The hearing officer also cited §§ 1-21j-22 and 1-21j-30 of the Regulations of Connecticut State Agencies. Section 1-21j-22 provides that a complaint is deemed to have been filed on the date it is received by the commission. Section 1-21j-30 provides that a hearing commences on the filing of a complaint. The hearing officer concluded that, reading §§ 1-21j-22 and 1-21j-30 together, the operative date for the commencement of this contested case was the date on which the complaint was filed, i.e., July 15, 1996. The hearing officer further concluded that the complaint had been filed beyond the thirty day time period permitted by § 1-21i (b) (1).

Although the hearing officer considered the regulations in adjudicating this contested case, the officer failed to consider all of the applicable regulations, as noted by the court, specifically the regulation controlling the computation of the first and last day of any time period. Regs., Conn. State Agencies § 1-21j-15. Section 1-21j-15 provides that if the last day of the time period is a day when the commission is closed, the period shall run until the end of the next following business day.

In this case, the court found that the commission had adopted the proposed final decision of the hearing officer at its June 6, 1997 special session. On June 24, 1997, the plaintiff filed a petition for reconsideration with the commission on the basis of an error of fact and law. The plaintiff specifically brought § 1-21j-15 of the regulations to the attention of the commission. The commission denied the plaintiff's petition for reconsideration.

"Ordinarily, this court affords deference to the construction of a statute applied by the administrative agency empowered by law to carry out the statute's purposes. . . . [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference." (Internal quotation marks omitted.) *Nagy* v. *Employees' Review Board*, supra, 249 Conn. 701.

"Regulations, like statutes, do not exist in a vacuum." (Internal quotation marks omitted.) *Smith* v. *Zoning Board of Appeals*, 227 Conn. 71, 92, 629 A.2d 1089 (1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1190, 127 L. Ed. 2d 540 (1994). Regulations, as well as statutes, must be read as a consistent whole; *Bethlehem Christian Fellowship, Inc.* v. *Planning & Zoning Commission*, 73 Conn. App. 442, 462, 807 A.2d 1089, cert. denied, 262 Conn. 928, 814 A.2d 379 (2002); to avoid an absurd or irrational result. See *In re Valerie D.*, 223 Conn. 492, 534, 613 A.2d 748 (1992). We presume that when a regulatory violation is brought to the attention of the

agency responsible for the violation that the agency will correct the violation. See *Pamela B.* v. *Ment*, 244 Conn. 296, 331, 709 A.2d 1089 (1998).

Here, the commission had no fewer than three opportunities to determine whether the plaintiff's complaint was timely filed. In the first instance, this court might have excused the hearing officer's failure to refer to § 1-21j-15 of the regulations in the proposed final decision as an oversight. In the second, this court possibly may have overlooked the commission's failure to consider all of the regulations under which it is to conduct its business because it relied on the hearing officer's proposed final decision. But see *Newtown* v. *Kenney*, 234 Conn. 312, 320, 661 A.2d 589 (1995) (final decision maker). The commission struck out on its third opportunity, however, when it denied the plaintiff's petition for reconsideration. In her petition, the plaintiff noted the commission's factual determination that it had received her complaint on July 15, 1996, quoted the text of § 1-21j-15 of the regulations and provided analysis as to why the commission improperly adopted the hearing officer's proposed final decision.

We conclude that there was no substantial justification for the commission to ignore the fact that it found that the plaintiff's complaint had been received on July 15, 1996, and one of the regulations by which it conducts its legislative function, to deny the petition for reconsideration and to fail to open the contested hearing. We therefore reverse the judgment with respect to the plaintiff's prayer for attorney's fees and remand the case to the trial court for a hearing in that regard.

The order for further articulation is vacated, the judgment is reversed as to the dismissal of the plaintiff's request for attorney's fees and the case is remanded for an evidentiary hearing on that request.

In this opinion the other judges concurred.